

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Kevin R. Vozzo
415.276.8828 direct
212.583.9600 main
kvozzo@littler.com

February 27, 2017

**VIA ECF**

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Marasco v. American Expediting Company, Inc., et al.*
Case No. 16-cv-232 (PKC)(JO)

Dear Judge Chen:

As the Court is aware, we represent Defendants A to Z Logistics, Inc. ("A to Z") and Victor Finnegan ("Finnegan") (collectively, the "Defendants") in the above-referenced matter. In accordance with your January 11, 2017 Order, we write to advise Your Honor of Defendant Finnegan's intent to file a motion to dismiss Plaintiff's Third Amended Complaint ("TAC") (Docket No. 48).

By way of background, on January 11, 2017, counsel appeared before Your Honor for a pre-motion conference regarding Defendants A to Z and Finnegan's anticipated motion to dismiss Plaintiff's Second Amended Complaint. In an attempt to remedy the deficiencies outlined in Defendants' pre-motion letter (Docket No. 45), and further discussed at the conference, Plaintiff filed the TAC on February 10, 2017. Although Plaintiff added factual allegations to support his claims for unpaid overtime, minimum wage, and "tools of the trade" reimbursement violations against A to Z, the claims against Defendant Finnegan remain insufficiently pled, and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), a plaintiff may bring suit against an individual if the individual is an "employer" under those statutes. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). Courts evaluate whether the alleged employer possessed the power to control the workers in question. *Id.* Relevant factors include: "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id*. Courts also examine whether alleged individual employers possess operational control over the company's employment of the plaintiff. *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).

To survive a motion to dismiss, a plaintiff must allege more than "mere boilerplate allegations that an individual meets the various prongs of the economic reality test." *Bravo v. Established*

Hon. Pamela K. Chen
February 27, 2017
Page 2

*Burger One, LLC*, No. 12 Civ. 9044(CM), 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 246-47 (W.D.N.Y. 2009) (denying leave to amend where amended complaint contained only boilerplate allegations reciting prongs of the economic reality test, with no supporting details other than defendant's job title).

Here, the allegations against Defendant Finnegan amount to nothing more than a boilerplate recitation of the economic reality test factors. (*See* TAC, ¶ 18.) As a result, Plaintiff's FLSA and NYLL claims against Defendant Finnegan should be dismissed. *See Sampson v. Medisys Health Network, Inc.*, Case No. 10-cv-1342, 2012 WL 3027850, at *15–16 (E.D.N.Y. Feb. 9, 2012) (dismissing action against individually-named defendants because the allegations were "nothing more than conclusory allegations designed to satisfy the economic reality test").

Plaintiff's conversion claim against Defendant Finnegan also fails. "In general, absent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations." *Rella v. N. Atl. Marine, Ltd.*, No. 02-CV-8537(GEL), 2004 WL 1418021, at *9 (S.D.N.Y. June 23, 2004) (citing to *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1177 (2d Cir. 1993) and *Amour & Co. v. Celic*, 294 F.2d 432, 439 (2d Cir. 1961)). The TAC does not allege that Defendant Finnegan acted outside the scope of his employment, or that he personally acted with bad faith or fraud, with respect to the alleged conduct giving rise to Plaintiff's conversion claim. Accordingly, Plaintiff's claim should be dismissed.

For the foregoing reasons, we respectfully request that the Court set a briefing schedule for Defendant Finnegan's anticipated motion to dismiss the TAC. In addition, in order to avoid the submission of piecemeal answers, we respectfully request that the deadline for A to Z to file an Answer to the TAC be continued until after Defendant Finnegan's anticipated motion has been resolved, or the pleadings have otherwise settled.

We thank the Court for its time and consideration.

Respectfully submitted,

/s/ Kevin R. Vozzo

Kevin R. Vozzo

cc:     All counsel of record (via ECF)