UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Richard Marasco, individually on behalf of himself and all others similarly situated,

Plaintiff,

-against-

American Expediting Company, Inc., A to Z Logistics, Inc., Victor Finnegan, and John Does 1-25,

Defendants.

Case No. 16-cv-00232(PKC)(JO)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDENT VICTOR FINNEGAN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

*By*: Andrew M. Spurchise
Kevin R. Vozzo
Leslie M. DiBenedetto
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
(212) 583-9600

*Attorneys for Defendant Victor Finnegan*

# TABLE OF CONTENTS

PAGE

I. PRELIMINARY STATEMENT ..... 1

II. RELEVANT FACTUAL AND PROCEDURAL HISTORY ..... 1

A. Plaintiff's Initial Complaint ..... 1

B. Plaintiff's First Amended Complaint ..... 2

C. Plaintiff's Second Amended Complaint ..... 3

D. Plaintiff's Third Amended Complaint ..... 4

III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ..... 4

A. Legal Standard ..... 4

B. Plaintiff Has Failed To Plausibly Plead That Finnegan Was His Employer Under the FLSA and NYLL ..... 6

C. Plaintiff's Conversion Claim Should Be Dismissed ..... 9

D. Plaintiff Should Not Be Granted Leave To Amend ..... 9

IV. CONCLUSION ..... 10

## TABLE OF AUTHORITIES


PAGE(S)

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....4, 5

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007).....5

*Bravo v. Established Burger One LLC*,
No. 12-civ-9044(CM), 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013).....6

*Coffin v. MRI Enters.*,
No. 11-civ-2453(DRH)(ARL), 2014 WL 5363855 (E.D.N.Y. Oct. 21, 2014).....6

*Coley v. Vannguard Urban Imp. Ass'n Inc.*,
No. 12-civ-5565(PKC), 2014 WL 4793825 (E.D.N.Y. Sept. 24, 2010).....6, 7

*Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC*,
No. 11-civ-7801(PAE), 2012 WL 1856474 (S.D.N.Y. May 22, 2012).....9

*Gisomme v. HealthEx Corp.*,
No. 13-civ-2541(LDW), 2014 WL 2041824 (E.D.N.Y. May 15, 2014).....7

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009).....4, 5

*Herman v. RSR Sec. Servs. Ltd.*,
172 F.3d 132 (2d Cir. 1999).....6

*In re NYSE Specialists Sec. Litig.*,
503 F. 3d 89 (2d Cir. 2007).....5

*Irizarry v. Catsimatidis*,
722 F.3d 99 (2d Cir. 2013).....6

*Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*,
631 F.3d 57 (2d Cir. 2011).....5

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
No. 11-civ-6658 (PAC), 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012).....6, 7

*Rella v. N. Atl. Marine, Ltd.*,
No. 02-civ-8537(GEL), 2004 WL 1418021 (S.D.N.Y. June 23, 2004).....9

*Ruston v. Town Bd. for the Town of Skaneateles*,
610 F.3d 55 (2d Cir. 2010).....5

# TABLE OF AUTHORITIES


PAGE(S)

*Sampson v. MediSys Health Network*,
No. 10-civ-1342(SJF)(ARL), 2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012) .............................8

*Shostack v. Diller*,
No. 15-civ-2255(GBD)(JLC), 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) .............................9

*Tracy v. NVR, Inc.*,
667 F. Supp. 2d 244 (W.D.N.Y. 2009) ........................................................................7

*United States v. Bonanno Organized Crime Family of La Casa Nostra*,
879 F.2d 20, 27 (2d Cir. 1989 ........................................................................5

*Wolman v. Catholic Health Sys. of Long Island*,
853 F. Supp. 2d 290 (E.D.N.Y. 2012) ........................................................................7

**STATUTES/RULES**

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................... *passim*

## I. PRELIMINARY STATEMENT

Despite having been provided with several opportunities to do so, Plaintiff Richard Marasco ("Plaintiff") has failed to plead a single viable claim against Defendant Victor Finnegan ("Finnegan") in connection with Finnegan's alleged role as president of A to Z Logistics, Inc. ("A to Z Logistics"). First and foremost, Plaintiff's wage and hour claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") are based exclusively upon a threadbare and conclusory recital of some of the "economic reality" test factors, which is insufficient to plausibly state that Finnegan operated as an "employer" under those statutes. Second, Plaintiff's conversion claim fails because Plaintiff fails to allege that Finnegan ever acted outside the scope of his employment, or with bad faith or fraud, with respect to the alleged conduct giving rise to the claim.

For these reasons, and those set forth below, Defendant Finnegan moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims asserted against him in Plaintiff's third Amended Class Action and Collective Action Complaint (the "TAC") that are premised upon his alleged role as president of A to Z Logistics.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A. Plaintiff's Initial Complaint

Plaintiff filed the initial Complaint in this matter on January 15, 2016. Plaintiff first filed suit against A to Z Couriers, Inc., American Expediting Company, Inc. ("AMEX"), Adam Dally, and Finnegan. (Docket No. 1). Plaintiff sought to pursue several wage and hour claims (in addition to a conversion claim) against AMEX and Finnegan on two separate theories. Specifically, Plaintiff alleged he performed services for AMEX as an acknowledged employee (while performing "messenger" services), and also included vague allegations in the complaint about delivery services that drivers performed for AMEX as putative independent contractors.

(*Id.*, ¶¶ 131–34; 164; 175). Plaintiff alleged he ceased working for AMEX "as a[n] [employee] messenger [at] the end of 2014" (*id.*, ¶ 55), but failed to specify whether, or when he began or ceased, personally performing services arranged by AMEX as a putative independent contractor.

On March 31, 2016, in response to the claims asserted against them in the initial complaint, Defendants AMEX and Finnegan requested a pre-motion conference to address their anticipated motion to compel individual arbitration. (Docket No. 11). Plaintiff responded to AMEX and Finnegan's letter on April 7, 2016, asserting that the arbitration provision, contained in an agreement dated March 11, 2015, was inapplicable because it was purportedly signed after the events giving rise to his claims occurred. (Docket No. 13).

At the pre-motion conference, which was held on April 20, 2016, the Court ordered the parties to brief the issue of whether the arbitration provision applied to Plaintiff's claims, and directed the parties to informally exchange documents regarding the specific time period during which Plaintiff performed services arranged by AMEX. (April 21, 2016 Minute Entry). Defendants subsequently produced documentation demonstrating that during the time period in which Plaintiff alleged to have worked as an acknowledged foot messenger employee for AMEX, he was instead employed by A to Z Logistics, which was not named as a defendant. Defense counsel also explained that Plaintiff began performing delivery services brokered by AMEX as an independent contractor in March 2015.

**B. Plaintiff's First Amended Complaint**

On May 25, 2016, Plaintiff sought leave to amend the complaint to add A to Z Logistics as a party to the action, and the Court granted Plaintiff's request. (Docket No. 22). Plaintiff filed the First Amended Complaint on June 24, 2016. (Docket No. 26). This iteration of the Complaint was again deficient in several respects. As the Court acknowledged following a hearing on the temporal scope of the arbitration provision, the complaint "lack[ed] clarity …

regarding which claims [wer]e being asserted against which Defendants for which time periods--and in particular, … it remain[ed] unclear whether Plaintiff allege[d] that he performed work for American Expediting as an employee or an independent contractor, and at what times." (September 7, 2016 Minute Entry). The Court provided Plaintiff with an opportunity to conduct limited discovery on this issue, and to amend the Complaint a second time. (*Id.*)

**C. Plaintiff's Second Amended Complaint**

Plaintiff filed the Second Amended Complaint (the "SAC") on October 28, 2016. (Docket No. 40). Because the SAC made clear that Plaintiff's claims against AMEX and Finnegan related, at least in part, to the time period after he executed the agreement containing the arbitration provision, AMEX and Finnegan subsequently renewed their request to bring a motion to compel individual arbitration.[1] (Docket No. 41). The Court granted the request, and American Expediting and Finnegan served Plaintiff with their motion to compel arbitration on January 11, 2017. (December 7, 2017 Minute Entry; Docket No. 47). Rather than oppose the motion, Plaintiff stipulated to a voluntary dismissal of the claims he asserted against AMEX and Finnegan, in connection with Finnegan's alleged role as Chief Executive Office of AMEX. (Docket No. 51). The Stipulation of Dismissal was So-Ordered by the Court on March 16, 2017 (March 16, 2017 Docket Entry).

On November 28, 2016, A to Z Logistics and Finnegan (in connection with his alleged role as president of A to Z Logistics) requested a pre-motion conference to address their anticipated motion to dismiss several claims asserted against them in the SAC due to Plaintiff's failure to allege facts sufficient to state a claim for relief. (Docket No. 45). At the pre-motion conference, the Court acknowledged many of the deficiencies in the SAC, as well as the deficiencies in prior versions. (*See* Affirmation of Kevin R. Vozzo, Esq., Exhibit A, 3:5-19,

[1] Plaintiff also removed Defendants Adam Dally and A to Z Couriers, Inc. from the SAC.

4:20-5:3). The Court reluctantly granted Plaintiff permission to amend his Complaint a third time, and indicated that it would be Plaintiff's last opportunity to amend. (*Id.*, 7:5-6).

**D. Plaintiff's Third Amended Complaint**

On February 10, 2017, following the January 11, 2017 pre-motion conference, Plaintiff filed the operative TAC. (Docket No. 48). In the TAC, Plaintiff asserts causes of action against for: (i) minimum wage violations under the FLSA and NYLL; (ii) overtime violations under the FLSA and NYLL; (iii) failure to reimburse Plaintiff for "tools of the trade" under the FLSA and NYLL; (iv) spread of hours pay violations under the NYLL; (v) failure to furnish wage statements under the NYLL; (vi) unlawful deduction violations under the NYLL; and (vii) conversion. (TAC, ¶¶ 187–244).

Plaintiff alleges that in 2013, he was employed as a messenger by A to Z Logistics, making deliveries on foot and using public transit and as a delivery driver, and that Finnegan was president of A to Z Logistics. (TAC, ¶¶ 18; 66; 146–47; 159). Plaintiff further contends that Defendant Finnegan was an "employer" for purposes of the FLSA and NYLL and thus, is jointly and severally liable for alleged violations of the FLSA and NYLL. To that end, Plaintiff alleges – without any supporting details or facts – that Finnegan controlled the day-to-day operations of "the Defendants," and asserts, upon information and belief, that Finnegan exercised decision-making authority over the terms and conditions of Plaintiff's employment. (TAC, ¶ 18).

**III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE**

**A. Legal Standard**

A Complaint is subject to dismissal unless it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (applying *Iqbal*/*Twombly* standard). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)).

Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, the complaint must contain "more than the unadorned, the defendant-unlawfully-harmed-me accusation." *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (internal quotation marks and citations omitted).

In deciding a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.; see also Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") (quoting *Ashcroft*, 556 U.S. at 679). The same is not true, however, of the legal conclusions derived from those factual allegations. *See Iqbal*, 556 U.S. at 678; *In re NYSE Specialists Sec. Litig.*, 503 F. 3d 89, 95 (2d Cir. 2007) (a court need not accept as true "legal conclusions, deductions or opinions couched as factual allegations.") (quoting *United States v. Bonanno Organized Crime Family of La Casa Nostra*, 879 F.2d 20, 27 (2d Cir. 1989) (internal quotation marks omitted)). In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**B. Plaintiff Has Failed To Plausibly Plead That Finnegan Was His Employer Under the FLSA and NYLL**

A plaintiff may bring suit against an individual under the FLSA or NYLL where the individual is an "employer" under those statutes. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (FLSA); *Coffin v. MRI Enters.*, No. 11-civ-2453(DRH)(ARL), 2014 WL 5363855, at *16–17 (E.D.N.Y. Oct. 21, 2014) (NYLL). "District courts in this Circuit 'have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." *Coley v. Vannguard Urban Imp. Ass'n Inc.*, No. 12-civ-5565(PKC), 2014 WL 4793825, at *2 n.5 (E.D.N.Y. Sept. 24, 2010).

In making this determination, courts evaluate whether the alleged employer possessed the power to control the workers in question. *See Herman*, 172 F.3d at 139. Relevant factors include: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. at 105 (citing *Carter v. Dutchess Cmty. College*, 735 F.2d 8, 12 (2d Cir. 1984)). Courts also examine whether alleged individual employers possess operational control over the company's employment of the plaintiff. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).

To survive a motion to dismiss, a plaintiff must allege more than "mere boilerplate allegations that an individual meets the various prongs of the economic reality test." *Bravo v. Established Burger One LLC*, No. 12-civ-9044(CM), 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (granting motion to dismiss individual defendants). Indeed, courts within the Second Circuit routinely dismiss FLSA and NYLL claims against individuals when they are only based upon "conclusory allegations designed to satisfy th[e] economic reality test." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11-civ-6658 (PAC), 2012 WL 3886555, at *12

(S.D.N.Y. Sept. 6, 2012) (quoting *Sampson v. MediSys Health Network*, No. 10-Civ-1342(SJF)(ARL), 2012 WL 3027850, at *15–16 (E.D.N.Y. Feb. 9, 2012)); *see also Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 246–47 (W.D.N.Y. 2009) (dismissing claims and denying leave to amend where amended complaint contained only boilerplate allegations reciting prongs of the economic reality test, with no supporting details other than defendant's job title); *Gisomme v. HealthEx Corp.*, No. 13-civ-2541(LDW), 2014 WL 2041824, at *3–4 (E.D.N.Y. May 15, 2014) (recognizing that the conclusory allegations that an individual defendant "was 'actively involved' in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedures" with the power to "hire and terminate employees, control work scheduled and conditions of employment, and set wages" were inadequate to demonstrate that he was an employer within the meaning of the FLSA); *Coley*, 2014 WL 4793825 at *3 (holding allegation that "[a]s a member of the Board of Directors, defendant Hansard was responsible to manage the affairs of defendant Vannguard, including, but not limited to, making decisions concerning employee wages and payment of employee wages" as too conclusory to articulate the third prong, i.e. that individual defendant determined the rate and method of payment for employees); *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) (dismissing FLSA claim against President, CEO, and Director of defendant employer despite the allegations that the individual (1) actively managed the company; (2) made decisions regarding operations, human resources, benefits, and payroll; and (3) was involved in creating the illegal policies complained of in the lawsuit, because the plaintiff failed to adequately allege the requisite control over the workers in question).

Here, Plaintiff bases his FLSA and NYLL claims against Finnegan on nothing more than a formulaic recitation of some (but not all) of the economic reality test factors, without ***any***

supporting facts or details. Specifically, beyond alleging that Finnegan serves as president of A to Z Logistics (TAC, ¶ 16), Plaintiff states that:

> Mr. Finnegan operates and/or controls the day-to-day operations and management of the Defendants. Upon information and belief, at all relevant times, Mr. Finnegan exercised decision-making authority over the terms and conditions of Plaintiff's, the Collective Action Members' and New York Class Members' employment, and had the authority to direct and control these employees' work performance, and/or was responsible for making operational and managerial decisions, including those with respect to employees' hours worked, rates/methods of pay, and hiring/firing.

(TAC, ¶ 18).

Notably absent are ***any*** supporting facts or details about *when*, *where*, or *how* Finnegan allegedly "operates and/or controls" A to Z Logistics' operations, "exercised decision-making authority over the terms and conditions of Plaintiff's … employment," or "had the authority to direct and control [his] work performance." Similarly, although Plaintiff states in conclusory fashion that Finnegan was "responsible for making operational and managerial decisions," he fails to provide any supporting details in this regard beyond formulaically restating some of the factors relevant to the economic realities test. In addition, Plaintiff does not allege that he was personally hired or fired by Finnegan. Nor does he allege any direct contact with him. *See Sampson*, 2012 WL 3027838, at *5 (claims dismissed where plaintiffs did not allege individual defendants ever had direct contact with them). Accordingly, Plaintiff's boilerplate allegations are far too speculative and conclusory to *plausibly state* that Finnegan operated as his "employer" under the FLSA or NYLL.

In sum, because the allegations against Finnegan are insufficient to state plausibly that he had operational control over Plaintiff as a matter of economic reality, the FLSA and NYLL claims asserted against Finnegan should be dismissed with prejudice.

**C. Plaintiff's Conversion Claim Should Be Dismissed**

"In general, absent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations." *Rella v. N. Atl. Marine, Ltd.*, No. 02-civ-8537(GEL), 2004 WL 1418021, at *9 (S.D.N.Y. June 23, 2004) (citing to *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1177 (2d Cir. 1993); *Shostack v. Diller*, No. 15-civ-2255(GBD)(JLC), 2016 WL 958687, at *3 (S.D.N.Y. Mar. 8, 2016) (dismissing complaint against individual defendants, stating that "absent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations" and noting that "Plaintiff failed to plead any facts showing that the individual defendants participated, directed, were aware of, or benefitted from, the actions on which he bases his claims" choosing instead to rely upon speculation and legal conclusions).

In this case, in addition to failing to allege any specific facts about Finnegan's personal involvement with the alleged policies and practices giving rise to his conversion claim, Plaintiff fails to allege that Finnegan acted outside the scope of his employment, or that he personally acted with bad faith or fraud. Without these threshold allegations, Plaintiff cannot state a claim for conversion against Finnegan.

**D. Plaintiff Should Not Be Granted Leave To Amend**

Should Plaintiff seek leave to amend his complaint to remedy the deficiencies noted above, his request should be denied. *See Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC*, No. 11-civ-7801(PAE), 2012 WL 1856474, at *5 (S.D.N.Y. May 22, 2012) (denying motion to amend complaint because plaintiffs had multiple opportunities to allege sufficient facts to plead fraud claim, and plaintiffs did not claim that any new facts or theories of liability were unavailable to them at time of previous submissions).

As stated, since this action was initiated on January 15, 2016, Plaintiff has amended the Complaint ***three times*** to remedy a variety of pleading deficiencies. In addition, at the January 11, 2017 pre-motion conference, the Court stated that it would only permit Plaintiff to amend the Complaint one additional time. Plaintiff squandered this opportunity. Accordingly, Plaintiff's claims against Finnegan should be dismissed with prejudice, and Plaintiff should not be granted leave to amend.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Finnegan respectfully requests that the Court issue an Order dismissing the claims asserted against him in connection with his alleged role as president of A to Z Logistics with prejudice, and granting such other further as it deems just and proper.

Respectfully submitted,

Dated: April 11, 2017
New York, New York

*/s/ Kevin R. Vozzo*

Andrew M. Spurchise
Kevin R. Vozzo
Leslie DiBenedetto
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
(212) 583-9600

*Attorneys for Defendant Victor Finnegan*