UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Marasco, individually on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  -against-<br><br>American Expediting Company, Inc., A to Z Logistics, Inc., Victor Finnegan, and John Does 1-25,<br><br>    Defendants. | Case No. 16-cv-00232(PKC)(JO) |

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDENT VICTOR FINNEGAN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

---

*By*: Andrew M. Spurchise
   Kevin R. Vozzo
   Leslie M. DiBenedetto
   LITTLER MENDELSON, P.C.
   900 Third Avenue, 8th Floor
   New York, New York 10022
   (212) 583-9600

   *Attorneys for Defendant*
    *Victor Finnegan*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     PRELIMINARY STATEMENT ........................................................................................1

II.    ARGUMENT ..................................................................................................................1

    A.  Plaintiff's Complaint Fails To Plausibly State That Finnegan Was Plaintiff's
        Employer Under The FLSA And NYLL ...........................................................1

    B.  Plaintiff's Complaint Fails to Allege Facts Needed to State a Claim for
        Conversion Against Finnegan ..........................................................................6

    C.  Plaintiff Should Not Be Granted Leave To Amend ..........................................7

III.   CONCLUSION...............................................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bravo v. Established Burger One LLC*,
No. 12-civ-9044(CM), 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013).........................................2

*Coley v. Vannguard Urban Improvement Assoc., Inc.*,
No. 12-cv-5565, 2014 WL 4793825 ....................................................................................3

*Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC*,
No. 11-civ-7801(PAE), 2012 WL 1856474 (S.D.N.Y. May 22, 2012)..................................7

*Fashions Outlet of America, Inc. v. Maharaj*,
No. 88-cv-7231(PNL), 1991 WL 143421 (S.D.N.Y. July 22, 1991)......................................6

*Gisomme v. HealthEx Corp.*,
No. 13-civ-2541(LDW), 2014 WL 2041824 (E.D.N.Y. May 15, 2014) .................................3

*Hernandez v. Habana Room, Inc.*,
No. 11-cv-1264(RMB)(JCF), 2012 WL 423355 (S.D.N.Y. Feb. 9, 2012).............................5

*Leal v. Masonry Servs.*,
No. 12-cv-588(DLI)(VVP), 2013 WL 550668 (E.D.N.Y. Feb. 12, 2013) .............................5

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
No. 11-civ-6658 (PAC), 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012)..................................2

*Shostack v. Diller*,
No. 15-civ-2255(GBD)(JLC), 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) ...........................6

*Tracy v. NVR, Inc.*,
667 F. Supp. 2d 244 (W.D.N.Y. 2009) ............................................................................. 2-4

*Wilk v. VIP Health Care Servs., Inc.*,
No. 10-cv-5530(ILG)(JMA), 2012 WL 560738 (E.D.N.Y, Aug. 3, 2016) ......................... 4-5

*Wolman v. Catholic Health Sys. of Long Island*,
853 F. Supp. 2d. 290 (E.D.N.Y. 2012) ...........................................................................2, 3

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................................1

## I.      PRELIMINARY STATEMENT

Defendant Victor Finnegan ("Finnegan") hereby submits this reply memorandum of law in further support of his motion to dismiss all claims asserted against him in Plaintiff's Third Amended Class Action and Collective Action Complaint (the "TAC") that are premised upon his alleged role as president of A to Z Logistics, Inc. ("A to Z Logistics").

In his opening memorandum, Finnegan demonstrated that the TAC fails to plausibly state that Finnegan operated as an "employer" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as the TAC merely parrots some (but not all) of the economic realities test factors, and does so without pointed to *any* supporting details or specifics.  Finnegan also demonstrated that the TAC fails to state a conversion claim against him, as Plaintiff fails to allege that Finnegan had *any* personal involvement with the alleged conduct giving rise to the claim, or that Finnegan acted outside the scope of his employment, or with bad faith or fraud. Plaintiff's opposition only reinforces the TAC's shortcomings in these regards.

 Accordingly, Finnegan respectfully requests that the Court dismiss Plaintiff's remaining claims against him with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     ARGUMENT

### A.      Plaintiff's Complaint Fails To Plausibly State That Finnegan Was Plaintiff's Employer Under The FLSA And NYLL

As set forth in Defendant's opening memorandum, an individual must be deemed an "employer" before he can be subject to liability under the FLSA or NYLL. In making this determination, courts must look to the "economic reality" of whether an individual possesses the requisite control over the worker in question to be considered an employer under those statutes. In this case, Plaintiff's allegations regarding Defendant Finnegan are nothing more than a

boilerplate, formulaic recitation of some of the prongs of the economic reality test, without ***any*** supporting facts or details.

Under the "economic reality" test, courts consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d. 290, 297 (E.D.N.Y. 2012).

Meanwhile, Plaintiff's TAC baldly alleges that: Finnegan "operates and/or controls the day-to-day operations and management of the Defendants … [and that] ***[u]pon information and belief***, at all relevant times, Mr. Finnegan exercised decision-making authority over the terms and conditions of Plaintiff's, the Collective Action Members' and New York Class Members' employment, and had the authority to direct and control these employees' work performance, and/or was responsible for making operational and managerial decisions, including those with respect to employees' hours worked, rates/methods of pay, and hiring/firing."  (TAC at ¶ 18) (emphasis supplied).

As set forth in Finnegan's opening memorandum, these kinds of boilerplate allegations are plainly insufficient to state a claim. *See Bravo v. Established Burger One LLC*, No. 12-civ-9044(CM), 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (granting motion to dismiss individual defendants because plaintiff alleged "no specific facts, aside from the elements of the 'economic reality test' to satisfy their pleading burden."); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11-civ-6658 (PAC), 2012 WL 3886555, at *12 (S.D.N.Y. Sept. 6, 2012) (quoting *Sampson v. MediSys Health Network*, No. 10-Civ-1342(SJF)(ARL), 2012 WL 3027850, at *15–16 (E.D.N.Y. Feb. 9, 2012)); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 246–47

(W.D.N.Y. 2009) (dismissing claims and denying leave to amend where amended complaint contained only boilerplate allegations reciting prongs of the economic reality test, with no supporting details other than defendant's job title); *Gisomme v. HealthEx Corp*., No. 13-civ-2541(LDW), 2014 WL 2041824, at *3–4 (E.D.N.Y. May 15, 2014) (recognizing that the conclusory allegations that an individual defendant "was 'actively involved' in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedures" with the power to "hire and terminate employees, control work scheduled and conditions of employment, and set wages" were inadequate to demonstrate that he was an employer within the meaning of the FLSA); *Coley v. Vannguard Urban Improvement Assoc., Inc.*, No. 12-cv-5565, 2014 WL 4793825 at *3 (finding allegation that "[a]s a member of the Board of Directors, defendant Hansard was responsible to manage the affairs of defendant Vannguard, including, but not limited to, making decisions concerning employee wages and payment of employee wages" too conclusory to articulate the third prong of the economic realities test, i.e. that individual defendant determined the rate and method of payment for employees); *Wolman*, 853 F. Supp. 2d at 299 (dismissing FLSA claim against President, CEO, and Director of defendant employer despite the allegations that the individual (1) actively managed the company; (2) made decisions regarding operations, human resources, benefits, and payroll; and (3) was involved in creating the illegal policies complained of in the lawsuit, because the plaintiff failed to adequately allege the requisite control over the workers in question).

Plaintiff attempts to rehabilitate his claims against Finnegan by asserting that the operative complaint "includes allegations that Finnegan owned and controlled A to Z Logistics, Inc." and that he "controlled and managed the day-to-day operations."  (See Opp. p. 2.)

3

Significantly, however, other than the abovementioned generic allegations, which simply restate some factors of the economic reality test, Plaintiff fails to proffer *a single particular factual allegation* regarding Finnegan's personal purported exercise of control over the terms of Plaintiff's employment.

Plaintiff also appears to attempt to create a new rule of law, whereby a plaintiff need only include non-boilerplate allegations when an individual defendant is a "random" high level employee at a larger company, citing to *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009) for support. However, the court in *Tracy* made no distinction between the pleading requirements for claims asserted against individual defendants affiliated with different sized companies. Rather, in *Tracy*, the court dismissed plaintiff's claims against his former employer's Director Human Resources because it found that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details—essentially 'a formulaic recitation of the elements of a cause of action'—are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA." *Id.* at 247. Further, the TAC does not include any allegations stating or suggesting that A to Z Logistics is a modest/smaller sized business. On the contrary, Plaintiff's allegations suggest that A to Z Logistics was a large business, and part of an "interrelated network of companies" that employed "hundreds of persons" with multiple office locations. (TAC ¶¶ 20; 53).

Lastly, Finnegan's alleged involvement is readily distinguishable from the alleged involvement of the individual defendants in the cases upon which Plaintiff relies. By way of example, in *Wilk v. VIP Health Care Services, Inc.*, No. 10-cv-5530(ILG)(JMA), 2012 WL 560738 (E.D.N.Y. Aug. 3, 2016), in addition to alleging that the individual defendant had

4

operational control over the defendant company and the authority to hire and fire employees, the plaintiff alleged that the individual defendant (i) was authorized to make decisions on behalf of the defendant company, including "the rate of pay to be paid to its employees, how payments were to be made, and the frequency of the payments," and (ii) decided how many employees, including those working in the plaintiff's position, that the defendant company would employ at any given time.  *Id*. at *8.  These allegations stand in stark contrast to the threadbare, boilerplate allegations regarding Finnegan in the TAC, nearly all of which (unlike the allegations asserted in *Wilk*) are based upon "information and belief."  *Id*.; *see also Leal v. Masonry Servs.*, No. 12-cv-588(DLI)(VVP), 2013 WL 550668, at *3 (E.D.N.Y. Feb. 12, 2013) and Dkt. No. 1, ¶¶ 39–53 (failing to dismiss complaint against individual defendants when plaintiff alleged that individual defendants "dominated the day-to-day operating decisions and made major personnel decisions," and had "complete control of the alleged activities" of corporate defendants, and that plaintiff worked under the individual defendants' direction); *Hernandez v. Habana Room, Inc.*, No. 11-cv-1264(RMB)(JCF), 2012 WL 423355, at *3 (S.D.N.Y. Feb. 9, 2012) and Dkt. No. 21, Exh. K at ¶¶ 13–16 (declining to dismiss claims against individual defendants when proposed amended complaint specifically alleged that the individual defendants "set schedules for employees," were responsible for "timekeeping, payroll, bookkeeping and accounting practices", and when the aforementioned allegations were alleged as facts, and not upon information and belief).

In sum, the TAC falls far short of plausibly stating that Finnegan acted as Plaintiff's employer under the FLSA or NYLL.  Accordingly, Plaintiff's FLSA and NYLL claims against Finnegan should be dismissed.

**B.     Plaintiff's Complaint Fails To Allege Facts Needed To State A Claim For Conversion Against Finnegan**

As set forth in *Fashions Outlet of America, Inc. v. Maharaj*, a case which Plaintiff cites in his opposition papers, in order for a conversion claim to stand against an individual defendant, the complaint must allege that the individual personally participated in the conversion.  No. 88-cv-7231(PNL), 1991 WL 143421 (S.D.N.Y. July 22, 1991), at *5–6.

Here, Plaintiff fails to allege that Finnegan personally participated in, directed, was aware of, and/or benefitted from, the actions upon which Plaintiff bases his claim, or that Finnegan otherwise acted in bad faith.  *See Shostack v. Diller*, Case No. 15-civ-2255(GBD)(JLC), 2016 WL 958687, at *3 (S.D.N.Y. Mar. 8, 2016) (dismissing complaint against individual defendant "absent bad faith or fraud" and when plaintiff failed to plead facts demonstrating that the individual defendant "participated, directed, w[as] aware of, or benefitted from, the actions on which [plaintiff] bases his claims.").  Nor does Plaintiff allege any facts about Finnegan's personal involvement with the alleged policies and practices giving rise to his conversion claim.

In an attempt to salvage his claim, Plaintiff clings to a single paragraph of the TAC, in which he generically alleges that *all* Defendants acted willfully and in bad faith with respect to his ***unpaid wage claims***.  (*See* Opp. p. 4.)  This is plainly insufficient.  As stated above, Plaintiff fails to allege that Finnegan *personally* acted in bad faith with regard to his alleged conversion claim.  Without this threshold allegation, Plaintiff cannot state a claim for conversion against Finnegan.

**C.     Plaintiff Should Not Be Granted Leave To Amend**

Although Plaintiff requests leave to *again* replead his claims, his request should be denied.  Plaintiff has already amended his Complaint ***three times*** to remedy a variety of pleading deficiencies.  Further, at the January 11, 2017 pre-motion conference, the Court stated that it

would only permit Plaintiff to amend his Complaint one additional time.  Plaintiff squandered that opportunity.  Accordingly, Plaintiff should not be granted leave to amend the TAC.  *See Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC*, No. 11-civ-7801(PAE), 2012 WL 1856474, at *5 (S.D.N.Y. May 22, 2012) (denying motion to amend complaint because plaintiffs had multiple opportunities to allege sufficient facts to plead fraud claim, and plaintiffs did not claim that any new facts or theories of liability were unavailable to them at time of previous submissions).

## III.    CONCLUSION

For all of the foregoing reasons, Defendant Finnegan respectfully requests that the Court issue an Order dismissing the claims asserted against him in connection with his alleged role as president of A to Z Logistics with prejudice, and granting such other further as it deems just and proper.

Respectfully submitted,

Dated: May 9, 2017
New York, New York

/s/ Kevin R. Vozzo
Andrew M. Spurchise
Kevin R. Vozzo
Leslie DiBenedetto
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
(212) 583-9600

*Attorneys for Defendant Victor Finnegan*