**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

Richard Marasco, individually on behalf of himself and all others similarly situated,

        Plaintiff,

v.

American Expediting Company, Inc., A to Z Logistics, Inc., Victor Finnegan, and John Does 1-25,

        Defendants.

---------------------------------------------------------------- x

Case No. 1:16-cv-00232-PKC-JO

**MEMORANDUM OF LAW IN OPPOSITION TO VICTOR FINNEGAN'S MOTION TO DISMISS**

 

**THE SULTZER LAW GROUP, P.C.**
Jason P. Sultzer, Esq. (Bar ID #: JS4546)
Joseph Lipari, Esq. (Bar ID #: JL3194)
14 Wall Street, 20th Floor
New York, NY 10005
Tel: (212) 618-1938
Fax: (888) 749-7747
liparij@thesultzerlawgroup.com

**ROSENBERG FORTUNA & LAITMAN, LLP**
Brett D. Zinner, Esq. (Bar ID # BZ3324)
666 Old Country Road, Suite 810
Garden City, New York 11530
Tel: (516) 228-6666
Fax: (516) 228-6672
brett@rosenbergfortuna.com

I.     **Preliminary Statement**

This matter is a collective action under the Fair Labor Standards Act ("FLSA" or 29 U.S.C. §§ 201, *et seq*.) and is brought by plaintiff to remedy widespread wage and hour violations by defendants. Plaintiff seeks redress for, *inter alia*, defendants' failure to pay the minimum wage and overtime wages to plaintiff and to all of defendants' current and former messengers and delivery drivers throughout New York and the United States. Plaintiff also brings this action as a class action on behalf of himself and all similarly situated current and former messengers and delivery drivers who worked for defendants. Plaintiff alleges that he and class members are entitled to back wages as a result of defendants' failure to pay minimum wage, overtime pay, and spread-of hours pay as required by the New York Labor Law ("NYLL") §§ 650 *et seq*., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL). Id.

Defendant Finnegan argues that plaintiff has failed to plead a viable claim against him and that the complaint allegations are threadbare recitals of the "economic reality test" facts. This is incorrect. The operative complaint includes fact specific allegations sufficient to withstand FRCP 12(b)(6) scrutiny against Finnegan on the FLSA and NYLL claims. Moreover, notwithstanding defendant's contrary arguments, there is no basis to dismiss the conversion claim against Finnegan.

II.    **Legal Arguments**

A.  **The FLSA and NYLL Claims Against Finnegan Must Stand**

Defendant argues that the operative complaint fails to plausibly plead that Finnegan was an employer for purposes of FLSA and NYLL. In support of this position, defendant cites to

1

cases including *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sep. 6, 2012). But in that case, the court explained "the individual sought to be held liable cannot be just any employee with some supervisory control over other employees and must be instrumental in causing the corporation to violate the FLSA." Id at * 37-38. And, the court explained "the overarching concern is whether the alleged employer possessed the power to control the workers in question." Id. at * 38. Moreover, the court cautioned against "licens[ing] suit under the FLSA against every high level officer and board member of large public companies simply because of the position the individual holds." Id. at * 38. Here, and in stark contrast to *Nakahata*, plaintiff is not simply seeking to hold Finnegan liable because he is "any employee" or because he is a random "high level officer." Rather, the operative complaint includes allegations that Finnegan owned and controlled A to Z Logistics, Inc. and the web of companies for which Marasco worked (See R. Doc. 48, paragraphs 13-22) and allegations that in his capacity as president and owner, he controlled and managed the day-to-day operations, including hiring/firing, work schedules, and worker payments. (R. Doc. 48, paragraph 18).

Defendant also relies on *Tracy v. NVR, Inc.,* 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009). But, in that case, which is starkly different from the case at bar, the court dismissed the individual FLSA and NYLL claims against defendant Madigan because "plaintiffs …failed to sufficiently allege that Madigan -- the chief human resources officer in an enormous, multi-billion dollar corporation scattered across hundreds of miles -- had and exercised sufficient control over them to satisfy the economic reality test, or that he was otherwise their 'employer' for FLSA purposes. Again, in the case at bar, Finnegan is not alleged to be a random high level employee (e.g. an HR officer in a multi-billion dollar company with a national reach), rather, Finnegan is alleged to be -- and is -- the owner and president of A to Z Logistics, Inc. and he is

2

the individual who controls all of the day-to-day operations of the interrelated web of businesses that employed Marasco and those similarly situated.

In *Leal v. Masonry Servs.,* No. 12-CV-588 (DLI)(VVP), 2013 U.S. Dist. LEXIS 19142 (E.D.N.Y. Feb. 12, 2013), which defendant does not cite, the court denied defendants' motion to dismiss where plaintiff alleged defendants had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined the rate and method of payment for employees, and generated and maintained employment records, and plaintiff alleged that he and other similarly situated employees worked under the direction of the defendants at the relevant times to this action. Plaintiff's allegations against Finnegan in the operative complaint are consistent with the allegations in *Leal*. *See also Severin v. Project OHR, Inc.*, 2011 U.S. Dist. LEXIS 99839, 2011 WL 3902994, at *6 (S.D.N.Y. Sept. 02, 2011) (denying motion to dismiss where plaintiffs alleged executive director of company "controlled personnel decisions, and had the power to hire and fire, set wages, and otherwise control the terms and conditions of the plaintiffs' employment"); *see also Michalek v. Amplify Sports and Entm't LLC*, 2012 U.S. Dist. LEXIS 85727, 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012) (granting leave to amend complaint to add company's president as defendant based on allegations that president "had the authority to hire and fire employees for Amplify, had the authority to supervise employees for Amplify, controlled employees' schedules for Amplify, and determined the rate and method of payment for employees of Amplify") (internal quotations omitted); *Hernandez v. Habana Room, Inc.*, 2012 U.S. Dist. LEXIS 17289, 2012 WL 423355, at *3 (S.D.N.Y. Feb. 09, 2012) ("Whether the plaintiff will ultimately be able to . . . establish that the individual defendants here had sufficient operational control to be considered 'employers' under the FLSA and New York Labor Law is a matter to be determined on summary judgment or at

3

trial."). *Wilk v. VIP Health Care Servs.,* 2012 U.S. Dist. LEXIS 21630 (E.D.N.Y. Feb. 21, 2012) (finding plaintiff's allegations sufficient where "there [was] no reason to question the plausibility of [plaintiff's] allegations in light of VIP's size or number of employees [and] there [was] no allegation that VIP is a massive enterprise with far-flung offices and a large number of employees").

Given that the FLSA and NYLL claims against Finnegan are well pled and plausible, these claims must survive FRCP 12 (b)(6) scrutiny.

### B. The Conversion Claim Against Finnegan must Stand

A corporate officer or employee who participates in conversion in the course of his employment may be held personally liable for his acts. *Fashions Outlet of Am., Inc. v. Maharaj,* No. 88 CIV. 7231 (PNL), 1991 U.S. Dist. LEXIS 9945, at *16 (S.D.N.Y. July 19, 1991). In his motion, Finnegan argues that the conversion claim must be dismissed because plaintiff fails to allege that Finnegan personally acted with bad faith or fraud. This is a mischaracterization. Plainly, plaintiff alleges that Finnegan had control over defendants' day to day operations, including employees' hours worked, rates/methods of pay, and hiring/firing. (R. Doc. 48, paragraphs 16-18). And, plaintiff alleges that defendants, including Finnegan, willfully and maliciously converted funds owed to Marasco and those similarly situated by withholding monies from them on the pretext that said money was used to purchase insurance for them. Plaintiff also alleges that defendants' conduct "was willful and in bad faith." (R. Doc. 48, paragraph 39). Thus, insofar as plaintiff is required to plead that Finnegan acted personally and with bad faith, plaintiff has satisfied this burden.

### III.     Conclusion

For the reasons set forth above, Finnegan's motion to dismiss must be denied.  In the event, however, that the court finds any deficiency in the operative complaint, it is respectfully submitted that leave to replead must be granted, in accordance with *Williams v. Citigroup Inc.*, 659 F. 3d 208 (2d Cir. 2011)[1].

DATED: April 25, 2017

**THE SULTZER LAW GROUP, P.C.**

By: **/s/ Joseph Lipari**
_____
Jason P. Sultzer, Esq. (Bar ID #: JS4546)
Joseph Lipari, Esq. (Bar ID #: JL3194)
14 Wall Street, 20th Floor
New York, NY 10005
Tel: (212) 618-1938
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com

**ROSENBERG FORTUNA & LAITMAN, LLP**
Brett D. Zinner, Esq. (Bar ID # BZ3324)
666 Old Country Road, Suite 810
Garden City, New York 11530
Tel: (516) 228-6666
Fax: (516) 228-6672
brett@rosenbergfortuna.com

---

[1] *Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC,* 2012 U.S. Dist. LEXIS 71611, at *13 (S.D.N.Y. May 22, 2012), which is cited by defendant, is inapposite.  In that case, the court found that "plaintiffs do not come close to satisfying relevant pleading standards or stating a claim under the RICO statute or state law claims sounding in fraud. The Court thus finds that any amendment to the Amended Complaint would not cure the failure of the plaintiffs' current pleadings to state a claim under the RICO statute."  In contrast, in the case at bar, additional limited discovery directed to Finnegan would undoubtedly allow plaintiff to bolster the allegations defendant contends are threadbare.

5