```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RICHARD MARASCO,                                    REPORT AND
                    Plaintiff,                     RECOMMENDATION
            - against -
AMERICAN EXPEDITING COMPANY, INC., et al.,          16-CV-0232 (PKC) (JO)
                    Defendants.
-----------------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff Richard Marasco ("Marasco"), acting on behalf of himself and similarly situated co-workers, has accused defendants A to Z Logistics, Inc. ("AZL"), American Expedited Company, Inc. ("AEC"), AZL's president, Victor Finnegan ("Finnegan"), and several unidentified others of violating his rights under federal and state wage laws. *See* Docket Entry ("DE") 48 (Third Amended Complaint) ("Complaint"); Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); New York Labor Law ("NYLL") § 650, *et seq.* Finnegan now seeks to dismiss all of the claims against him. *See* DE 57 ("Motion"); Fed. R. Civ. P. 12(b)(6). Upon a referral from the Honorable Pamela K. Chen, United States District Judge, I now make this report, and, for the reasons set forth below, respectfully recommend that the court deny the motion.

I.  Background

Marasco filed his initial complaint on January 15, 2016, against AEC and Finnegan as well as two defendants who have since been dismissed: A to Z Couriers, Inc. ("AZC"), and Adam Dally. DE 1. After the defendants produced documents apparently demonstrating that Marasco was employed at relevant times by AZL, the court granted Marasco leave to amend his pleading. *See* DE 23 at 2; Order dated May 25, 2016. Marasco did so on June 24, 2016, and added AZL as a named defendant. DE 26. By minute order dated September 7, 2016, the court directed Marasco to file a second amended complaint that clarified his allegations about the nature of his employment relationship with each defendant. Marasco filed that amendment – which omitted the previously

asserted claims against defendants AZC and Dally – on October 28, 2016. DE 40. The court again granted Marasco leave to amend his complaint by minute order dated January 11, 2017, and Marasco then filed the currently operative complaint, on February 10, 2017. DE 48.

In his operative pleading, Marasco alleges that Finnegan is the president of AZL, the owner and controller of another company called Owner Operator Services, LLC, and that his exercise of several specified forms of authority over the terms and conditions of work for Marasco and others qualifies him as an "employer" for purposes of pertinent laws. *See* Complaint ¶¶ 16-18. The Complaint asserts a total ten causes of action against Finnegan:

- failure to pay required minimum and overtimes wages, and to reimburse employees for expenses relating to tools of the trade, in violation of the FLSA, *see id.* ¶¶ 220-40 (first through third causes of action);

- similar claims, as well as claims for failure to pay spread-of-hours wages, unlawful wage deductions, and failure to provide wage statements, in violation of the NYLL, *see id.* ¶¶ 241-69 (fourth through ninth causes of action); and

- conversion under New York law based on an allegation that the defendants improperly withheld monies owed to their workers on the pretext of using it to buy insurance for them, *see id.* ¶¶ 270-77 (tenth cause of action).

Finnegan filed the instant fully briefed motion to dismiss the claims against him on May 9, 2017. *See* DE 57 (Notice of Motion); DE 57-1 (supporting memorandum) ("Memo."); DE 57-2 (counsel's supporting affirmation with exhibit); DE 59 (Marasco's opposing memorandum); DE 58 (reply memorandum). With respect the nine claims asserted under the FLSA and NYLL, Finnegan argues that Marasco has not plausibly pleaded that Finnegan was an employer within the meaning of either statute. *See* Memo. at 6-8. Finnegan further contends that the conversion claim is defective because Marasco has not alleged any facts specific to Finnegan individually, and in particular because he has not pleaded that Finnegan acted outside the scope of his employment, fraudulently, or in bad faith. *Id.* at 8-9.

II.     Discussion

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court should consider the "legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills,* 572 F.3d 66, 71 (2d Cir. 2009) (citations omitted). A complaint must state a claim "that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), meaning that its factual assertions support "the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (alterations in original) (quoting Fed. R. Civ. P. 8(a)(2)). When assessing the sufficiency of a complaint, the court must distinguish factual contentions, which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted, from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. Although the court must assume the truth of a complaint's factual assertions, it need not credit "a legal conclusion couched as a factual allegation." *Id.*

A.      Employer

In determining whether an individual defendant was a plaintiff's employer for purposes of the pertinent wage laws, the inquiry is "whether the alleged employer possessed the power to control the workers in question … with an eye to the 'economic reality' presented by the facts of each case." *Leal v. Masonry Servs., Inc.*, 2013 WL 550668, at *3 (E.D.N.Y. Feb. 12, 2013) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted)).

> Under the "economic reality" test, the relevant factors include whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and

3

> controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records…. However, these factors are not exclusive. Indeed, under the "economic reality" test, which encompasses the totality of the circumstances, "any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition."

*Id.* (quoting same). The test of economic reality is an expansive one, and at the pleading stage is not demanding: "allegations of operational control, on their own, are sufficient" to establish employer status under the FLSA at the pleading stage. *Id.* at *4 (citing *Apple v. Atl. Yards Dev. Co.*, LLC, 2012 WL 2309028, at *10 (E.D.N.Y. June 18, 2012) (quotation omitted)).

Marasco alleges, and it is apparently undisputed, that Finnegan is AZL's president. *See* Complaint ¶ 16.[1] In support of the conclusion that Finnegan qualifies as an employer, Marasco further alleges as follows:

> Mr. Finnegan operates and/or controls the day-to-day operations and management of the Defendants. Upon information and belief, at all relevant times, Mr. Finnegan exercised decision-making authority over the terms and conditions of [Marasco's and other workers'], and had the authority to direct and control these employees' work performance, and/or was responsible for making operational and managerial decisions, including those with respect to employees' hours worked, rates/methods of pay, and hiring/firing.

Complaint ¶ 18.

These allegations are not merely a boilerplate recitation of the economic realities test, "insufficient to state plausibly that [Finnegan] had operational control over [Marasco] as a matter of economic reality," as Finnegan argues. *See* Memo. at 6-8. While the phrasing is undoubtedly formulaic, it nevertheless explicitly alleges Finnegan's control over the terms and conditions of Marasco's employment, his work performance, hours, rate and method of pay, and hiring and firing. Notwithstanding the absence of "supporting details" that Finnegan bemoans, the allegation is comparable to other pleadings that have been found sufficient to withstand similar motions. *See Leal*,

---

[1] Finnegan has not answered the pleading, but his co-defendant AZL, represented by the same counsel, has admitted that allegation. *See* DE 53 (AZL's Answer) ¶ 16.

4

2013 WL 550668, at *3 (citing *Wilk v. VIP Health Care Servs., Inc.*, 2012 WL 560738, at *8 (E.D.N.Y. Feb. 21, 2012); *Severin v. Project OHR, Inc.*, 2011 WL 3902994, at *6 (S.D.N.Y. Sept.02, 2011); *Michalek v. Amplify Sports and Entm't LLC*, 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012)).[2] There is accordingly no reason to dismiss the first nine causes of action for failure to adequately plead that Finnegan was Marasco's employer.

    B.    <u>Conversion</u>

As Finnegan correctly observes, "absent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for … tortious acts committed by their corporations." Memo. at 9 (quoting *Rella v. N. Atl. Marine, Ltd.*, 2004 WL 1418021, at *9 (S.D.N.Y. June 23, 2004) (citation omitted)). He is also right that to withstand the instant motion to dismiss, Marasco must adequately plead "facts showing that [Finnegan] participated, directed, w[as] aware of, or benefitted from, the actions on which he bases his [conversion claim]." *Id.* (quoting *Shostack v. Diller*, 2016 WL 958687, at *3 (S.D.N.Y. Mar. 8, 2016)). Finnegan is wrong, however, in arguing that the Complaint fails that test.

---

[2] Finnegan cites several cases in which boilerplate pleadings were dismissed, but each is readily distinguishable. *See* Memo. at 6-7 (citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2012 WL 3886555, at *12 (S.D.N.Y. Sept. 6, 2012) (granted motion to dismiss for failure to plausibly allege facts that multiple medical centers asserted functional control over employees at other locations); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 246–47 (W.D.N.Y. 2009) (denying leave to amend where boilerplate allegations failed to establish chief human resources officer of "an enormous … corporation scattered across hundreds of miles" has exerted sufficient control over the plaintiffs); *Gisomme v. HealthEx Corp.*, 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014) (dismissing claims alleging only "general power over various employment decisions" not specific allegations of operational control over the plaintiffs); *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, 2014 WL 4793825, at *4 (E.D.N.Y. Sept. 24, 2014) (finding pleadings failed to demonstrate sufficient control by a member of the Board of Directors, as opposed to the Board itself); *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 300 (E.D.N.Y. 2012), a*ff'd in part, rev'd in part sub nom. Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) (finding pleadings may support individual liability of the named defendant regarding claims against the company in which he serves as President, CEO, and Director, but fails to demonstrate control of employees of a different company)).

Marasco alleges that "[e]ach Defendant's conduct as set forth in this Complaint was willful and in bad faith." Complaint ¶ 39. He further alleges that all of the defendants "willfully and maliciously converted funds owed to [Marasco and others] by withholding monies form them on the pretext that said money was used to purchase insurance for them." *Id.* ¶ 271. Finally, Marasco asserts that the "Defendants did not use this money to purchase insurance for [Marasco and others] and instead kept it for their own benefit." *Id.* ¶ 273. In challenging the sufficiency of such pleading, Finnegan appears to rely on the fact that Marasco referred to the defendants as a group rather than repeating each of the quoted allegations for each defendant in turn. *See* Memo at 9. Finnegan provides no support for the tacit assertion that a plaintiff may not attribute similar actions to a group of defendants, and that omission is entirely understandable. Such a rule would needlessly lengthen pleadings without providing defendants any better notice of the claims they must answer, and thus would be contrary to the requirement that a complaint set forth "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). There is accordingly no reason to dismiss the conversion claim.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court deny defendant Finnegan's motion to dismiss.

IV. Objections

Any objections to this Report and Recommendation must be filed no later than January 29, 2018. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

    SO ORDERED.

Dated: Brooklyn, New York
       January 12, 2018

                                                                             /s/
                                                      James Orenstein
                                                      U.S. Magistrate Judge