| | |
|---|---|
| Richard Marasco, individually on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>American Expediting Company, Inc., A to Z Logistics, Inc., Victor Finnegan, and John Does 1-25,<br><br>Defendants. | Case No. 1:16-cv-00232-PKC-JO<br><br>**DEFENDANT VICTOR FINNEGAN'S ANSWER TO THE AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |

Defendant Victor Finnegan ("Mr. Finnegan"), by his attorneys, Littler Mendelson, P.C., for his Answer to the Amended Class Action and Collective Action Complaint ("Complaint"), filed on February 10, 2017, responds as follows:

1.      Mr. Finnegan denies the allegations in response to Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring claims under the Fair Labor Standards Act ("FLSA"), but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks in this action.

2.      Mr. Finnegan denies the allegations in response to Paragraph 2 of the Complaint.

3.      Mr. Finnegan denies the allegations in response to Paragraph 3 of the Complaint, except admits that Plaintiff purports to bring claims on a class-wide basis, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any of the remedies he seeks in this action.

4.     Mr. Finnegan denies the allegations in response to Paragraph 4 of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the New York Labor Law ("NYLL").

5.     Mr. Finnegan denies the allegations in Paragraph 5 of the Complaint, except admits that Plaintiff purports to bring claims to recover wages, liquidated damages, injunctive relief, and other equitable relief under the FLSA and NYLL, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks on behalf or himself or others in this action.

## JURISDICTION AND VENUE

6.     Mr. Finnegan asserts that the allegations in Paragraph 6 of the Complaint contain legal conclusions that do not call for a response.

7.     Mr. Finnegan asserts that the allegations in Paragraph 7 of the Complaint contain legal conclusions that do not call for a response.

8.     Mr. Finnegan asserts that the allegations in Paragraph 8 of the Complaint contain legal conclusions that do not call for a response.

9.     Mr. Finnegan asserts that the allegations in Paragraph 9 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan admits that the Court is empowered to issue a declaratory judgment, but denies that it should so here.

10.     Mr. Finnegan asserts that the allegations in Paragraph 10 of the Complaint contain legal conclusions that do not call for a response.

## THE PARTIES

11.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint regarding Plaintiff's residence, and avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies any and all such allegations in Paragraph 11 of the Complaint on that basis.  Mr. Finnegan also denies the remaining allegations in Paragraph 11 of the Complaint, except admits that A to Z Couriers Inc. sold its asset to A to Z Logistics, Inc.

12.     Mr. Finnegan asserts that the allegations in Paragraph 12 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 12 of the Complaint.

13.     Mr. Finnegan asserts that the allegations in Paragraph 13 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan admits that A to Z Logistics, Inc. is a Delaware corporation with its principal place of business located at 801 N. Primes Avenue in Folcroft, Pennsylvania, but denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 14 of the Complaint on that basis.

15.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to

American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 15 of the Complaint on that basis.

16. Mr. Finnegan admits the allegations in Paragraph 16 of the Complaint.

17. Mr. Finnegan asserts that the allegations in Paragraph 17 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations contained in Paragraph 17 of the Complaint.

18. Mr. Finnegan asserts that the allegations in Paragraph 18 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 18 of the Complaint.

19. Mr. Finnegan denies the allegations in Paragraph 19 of the Complaint, except admits that when A to Z Logistics, Inc. acquired assets from A to Z Couriers, A to Z Logistics, Inc. acquired, *inter alia*, www.atozcouriers.com.

20. Mr. Finnegan asserts that the allegations in Paragraph 20 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 20 of the Complaint.

21. Mr. Finnegan asserts that the allegations in Paragraph 21 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 21 of the Complaint.

22. Mr. Finnegan asserts that the allegation in Paragraph 22 regarding "DOE Defendants" does not require a response.

## COLLECTIVE ACTION ALLEGATIONS

23. Mr. Finnegan denies the allegations in Paragraph 23 of the Complaint, except admits that Plaintiff purports to bring a collective action pursuant to the FLSA on behalf of

messengers, delivery drivers, and other allegedly similarly situated employees on or after the date that is three years before the filing of the Complaint, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise would entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff or any other current or former messengers and/or delivery drivers are similarly situated.

24. Mr. Finnegan denies the allegations in Paragraph 24 of the Complaint, except states that Plaintiff's definitions for proposed "Collective Subclasses" do not require a response.

25. Mr. Finnegan denies the allegations in Paragraph 25 of the Complaint, except states that Plaintiff's definitions for proposed "Collective Subclasses" do not require a response.

26. Mr. Finnegan denies the allegations in Paragraph 26 of the Complaint, except states that Plaintiff's definitions for proposed "Collective Subclasses" do not require a response.

27. Mr. Finnegan denies the allegations in Paragraph 27 of the Complaint, except states that Plaintiff's definitions for proposed "Collective Subclasses" do not require a response.

28. Mr. Finnegan denies the allegations in Paragraph 28 of the Complaint, except states that Plaintiff's definitions for proposed "Collective Subclasses" do not require a response.

29. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 29 of the Complaint on that basis.

30. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 30 of the Complaint on that basis.

31.     Mr. Finnegan denies the allegations in Paragraph 31 of the Complaint, except states that Plaintiff's definitions for proposed "Collective Subclasses" and "Collective Action Members" do not require a response.

32.     Mr. Finnegan denies the allegations in Paragraph 32 of the Complaint.

33.     Mr. Finnegan asserts that the allegations in Paragraph 33 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 33 of the Complaint.

34.     Mr. Finnegan asserts that the allegations in Paragraph 34 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 34 of the Complaint.

35.     Mr. Finnegan denies the allegations in Paragraph 35 of the Complaint.

36.     Mr. Finnegan denies the allegations in Paragraph 36 of the Complaint.

37.     Mr. Finnegan denies the allegations in Paragraph 37 of the Complaint.

38.     Mr. Finnegan denies the allegations in Paragraph 38 of the Complaint.

39.     Mr. Finnegan asserts that the allegations in Paragraph 39 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 39 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 of the Complaint.

40.     Mr. Finnegan asserts that the allegations in Paragraph 40 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 40 of the Complaint.

41.     Mr. Finnegan asserts that the allegations in Paragraph 41 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 41 of the Complaint.

## CLASS ACTION ALLEGATIONS

42.     Mr. Finnegan the allegations in Paragraph 42 of the Complaint, except admits that Plaintiff purports to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of messengers, deliver drivers, and other similarly situated employees on or after the date that is six years before the filing of the Complaint, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise would entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff or any other current or former messengers and/or drivers are similarly situated.

43.     Mr. Finnegan denies the allegations in Paragraph 43 of the Complaint, except states that Plaintiff's proposed definitions for proposed subclasses do not require a response.

44.     Mr. Finnegan denies the allegations in Paragraph 44 of the Complaint, except states that Plaintiff's proposed definitions for proposed subclasses do not require a response.

45.     Mr. Finnegan denies the allegations in Paragraph 45 of the Complaint, except states that Plaintiff's proposed definitions for proposed subclasses do not require a response.

46.     Mr. Finnegan denies the allegations in Paragraph 46 of the Complaint, except states that Plaintiff's proposed definitions for proposed subclasses do not require a response.

47.     Mr. Finnegan denies the allegations in Paragraph 47 of the Complaint, except states that Plaintiff's proposed definitions for proposed subclasses do not require a response.

48.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to

American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 48 of the Complaint on that basis.

49.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 49 of the Complaint on that basis.

50.     Mr. Finnegan denies the allegations in Paragraph 50 of the Complaint, except states that Plaintiff's proposed definition for "New York Class Members" does not require a response.

51.     Mr. Finnegan denies the allegations in Paragraph 51 of the Complaint.

52.     Mr. Finnegan denies the allegations in Paragraph 52 of the Complaint.

53.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 53 of the Complaint on that basis.

54.     Mr. Finnegan asserts that the allegations in Paragraph 54 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 54 of the Complaint.

55.     Mr. Finnegan asserts that the allegations in Paragraph 55 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 55 of the Complaint.

56.     Mr. Finnegan asserts that the allegations in Paragraph 56 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 56 of the Complaint.

57.     Mr. Finnegan asserts that the allegations in Paragraph 57 of the Complaint, including subparts "a" through "m", contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 57 of the Complaint, including subparts "a" through "m".

58.     Mr. Finnegan asserts that the allegations in Paragraph 58 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 58 of the Complaint.

59.     Mr. Finnegan asserts that the allegations in Paragraph 59 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 59 of the Complaint.

60.     Mr. Finnegan asserts that the allegations in Paragraph 60 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 60 of the Complaint.

61.     Mr. Finnegan asserts that the allegations in Paragraph 61 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 61 of the Complaint.

62.     Mr. Finnegan denies the allegations in Paragraph 62 of the Complaint, except admits that Plaintiff purports to proceed as described therein.

## ADDITIONAL FACTUAL ALLEGATIONS

63.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint.

64.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 of the Complaint.

65.    Mr. Finnegan admits the allegations in Paragraph 65 of the Complaint.

66.    Mr. Finnegan asserts that the allegations in Paragraph 66 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 66 of the Complaint.

67.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint, except to assert that the allegation in Paragraph 67 of the Complaint regarding A to Z Logistics, Inc. being a "common enterprise" of American Expediting Services, Inc. contains legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 67.

68.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 68 of the Complaint on that basis.

69.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 69 of the Complaint on that basis.

70.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 70 of the Complaint on that basis.

**Plaintiff's Work as a Misclassified Independent Contractor for A to Z Couriers**

71.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint.

83.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

84.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

85.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint.

86.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

87.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint.

88.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

89.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint.

90.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint.

91.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint.

92.    Mr. Finnegan asserts that the allegations in Paragraph 92 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 92 of the Complaint.

93.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint.

94.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint.

95.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint.

96.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint.

97.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint.

98.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint.

99.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint.

100.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint.

101.    Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint.

102.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint.

103.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint.

104.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint.

105.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint.

106.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint.

107.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint.

108.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint.

109.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint.

110.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint.

111.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint.

112.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint.

113.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint.

114.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint.

116.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint.

117.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint.

118.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint.

119.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint.

120.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint.

121.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint.

122.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint.

123.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint.

124.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint.

125.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint.

126.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint.

127.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint.

128.     Mr. Finnegan asserts that the allegations in Paragraph 128 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint.

129.     Mr. Finnegan asserts that the allegations in Paragraph 129 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint.

130.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint.

131.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint.

132.     Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint.

133. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Complaint.

134. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint.

135. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint.

136. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint.

137. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint.

138. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint.

139. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint.

140. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint.

### Plaintiff's Work for A to Z Logistics

141. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint.

142. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint.

143. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint.

144. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint.

145. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint.

146. Mr. Finnegan admits the allegations in Paragraph 146 of the Complaint.

147. Mr. Finnegan admits the allegations in Paragraph 147 of the Complaint.

148. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint.

149. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint.

150. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint.

151. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint.

152. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint.

153. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint.

154. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint.

155. Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint.

156.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint.

157.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Complaint.

158.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Complaint.

159.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint.

160.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint.

161.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Complaint.

162.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint.

163.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint.

164.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint.

165.	Mr. Finnegan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint.

166.	Mr. Finnegan asserts that the allegations in Paragraph 166 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan admits that A to Z Logistics, Inc. maintained employment records for Plaintiff.

167.     Mr. Finnegan asserts that the allegations in Paragraph 167 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan admits that A to Z Logistics, Inc. maintained employment records for other members of the putative collective / class.

**Plaintiff's Work as a Misclassified Independent Contractor for American Expediting Company, Inc.**

168.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 168 of the Complaint on that basis.

169.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 169 of the Complaint on that basis.

170.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 170 of the Complaint on that basis.

171.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.  Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 171 of the Complaint on that basis.

172.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to

American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 172 of the Complaint on that basis.

173.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 173 of the Complaint on that basis.

174.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 174 of the Complaint on that basis.

175.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 175 of the Complaint on that basis.

176.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 176 of the Complaint on that basis.

177.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 177 of the Complaint on that basis.

178.	Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 178 of the Complaint on that basis.

179.	Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 179 of the Complaint on that basis.

180.	Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 180 of the Complaint on that basis.

181.	Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 181 of the Complaint on that basis.

182.	Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 182 of the Complaint on that basis.

183.	Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to

American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 183 of the Complaint on that basis.

184. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 184 of the Complaint on that basis.

185. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 185 of the Complaint on that basis.

186. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 186 of the Complaint on that basis.

187. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 187 of the Complaint on that basis.

188. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 188 of the Complaint on that basis.

189. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 189 of the Complaint on that basis.

190. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 190 of the Complaint on that basis.

191. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 191 of the Complaint on that basis.

192. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 192 of the Complaint on that basis.

193. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 193 of the Complaint on that basis.

194. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to

American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 194 of the Complaint on that basis.

195. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 195 of the Complaint on that basis.

196. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 196 of the Complaint on that basis.

197. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 197 of the Complaint on that basis.

198. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 198 of the Complaint on that basis.

199. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 199 of the Complaint on that basis.

200.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.   Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 200 of the Complaint on that basis.

201.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.   Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 201 of the Complaint on that basis.

202.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.   Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 202 of the Complaint on that basis.

203.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.   Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 203 of the Complaint on that basis.

204.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response.   Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 204 of the Complaint on that basis.

205.     Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to

American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 205 of the Complaint on that basis.

206. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 206 of the Complaint on that basis.

207. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 207 of the Complaint on that basis.

208. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 208 of the Complaint on that basis.

209. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 209 of the Complaint on that basis.

210. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 210 of the Complaint on that basis.

211. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 211 of the Complaint on that basis.

212. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 212 of the Complaint on that basis.

213. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 213 of the Complaint on that basis.

214. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 214 of the Complaint on that basis.

215. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 215 of the Complaint on that basis.

216. Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to

American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 216 of the Complaint on that basis.

217.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 217 of the Complaint on that basis.

218.    Mr. Finnegan avers that American Expediting, Inc. has been dismissed from this case (*see* Minute Order dated March 16, 2017) and therefore, any and all allegations related to American Expediting, Inc. require no response. Insofar as they may be deemed to require a response, Mr. Finnegan denies the allegations in Paragraph 218 of the Complaint on that basis.

**Defendants' Additional FLSA and NYLL Violations**

219.    Mr. Finnegan denies the allegations in Paragraph 219 of the Complaint.

**FIRST CAUSE OF ACTION**
**(FLSA: Unpaid Minimum Wage)**
**(On Behalf of Plaintiff and Collective Action Members)**

220.    Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

221.    Mr. Finnegan asserts that the allegations in Paragraph 221 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 221 of the Complaint.

222.    Mr. Finnegan denies the allegations in Paragraph 222 of the Complaint.

223.    Mr. Finnegan denies the allegations in Paragraph 223 of the Complaint.

224.    Mr. Finnegan denies the allegations in Paragraph 224 of the Complaint.

225.    Mr. Finnegan denies the allegations in Paragraph 225 of the Complaint.

226. Mr. Finnegan asserts that the allegations in Paragraph 226 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 226 of the Complaint.

227. Mr. Finnegan denies the allegations in Paragraph 227 of the Complaint, except admits that Plaintiff purports to seek recovery of unpaid wages, damages, liquidated damages, prejudgment interest and attorneys' fees, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks in this action.

## SECOND CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)
### (On Behalf of Plaintiff and Collective Action Members)

228. Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

229. Mr. Finnegan asserts that the allegations in Paragraph 229 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 229 of the Complaint.

230. Mr. Finnegan denies the allegations in Paragraph 230 of the Complaint.

231. Mr. Finnegan denies the allegations in Paragraph 231 of the Complaint.

232. Mr. Finnegan denies the allegations in Paragraph 232 of the Complaint.

233. Mr. Finnegan asserts that the allegations in Paragraph 233 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 233 of the Complaint.

234. Mr. Finnegan asserts that the allegations in Paragraph 234 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 234 of the Complaint.

235. Mr. Finnegan denies the allegations in Paragraph 235 of the Complaint, except admits that Plaintiff purports to seek recovery of unpaid wages, damages, liquidated damages, prejudgment interest and attorneys' fees, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks in this action.

### THIRD CAUSE OF ACTION
#### (FLSA: Failure to Reimburse for Expenses Relating to Tools of the Trade)
#### (On Behalf of Plaintiff and Collective Action Members)

236. Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

237. Mr. Finnegan denies the allegations in Paragraph 237 of the Complaint.

238. Mr. Finnegan denies the allegations in Paragraph 238 of the Complaint.

239. Mr. Finnegan asserts that the allegations in Paragraph 239 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 239 of the Complaint.

240. Mr. Finnegan denies the allegations in Paragraph 240 of the Complaint, except admits that Plaintiff purports to seek recovery of unpaid wages, damages, liquidated damages, prejudgment interest and attorneys' fees, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief

whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks in this action.

## FOURTH CAUSE OF ACTION
### (NYLL: Unpaid Minimum Wage)
### (On Behalf of Plaintiff and New York Class Members)

241.    Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

242.    Mr. Finnegan denies the allegations in Paragraph 242 of the Complaint.

243.    Mr. Finnegan denies the allegations in Paragraph 243 of the Complaint.

244.    Mr. Finnegan denies the allegations in Paragraph 244 of the Complaint.

245.    Mr. Finnegan asserts that the allegations in Paragraph 245 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 245 of the Complaint.

246.    Mr. Finnegan denies the allegations in Paragraph 246 of the Complaint, except admits that Plaintiff purports to seek to recover attorneys' fees, costs and pre and post-judgment interest, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks in this action.

## FIFTH CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)
### (On Behalf of Plaintiff an New York Class Members)

247.    Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

248.    Mr. Finnegan denies the allegations in Paragraph 248 of the Complaint.

249.    Mr. Finnegan denies the allegations in Paragraph 249 of the Complaint.

250.     Mr. Finnegan asserts that the allegations in Paragraph 250 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 250 of the Complaint.

251.     Mr. Finnegan denies the allegations in Paragraph 251 of the Complaint, except admits that Plaintiff purports to seek to recover attorneys' fees, costs and pre and post-judgment interest, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks in this action.

## SIXTH CAUSE OF ACTION
### (NYLL: Spread of Hours)
### (On Behalf of Plaintiff and New York Class Members)

252.     Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

253.     Mr. Finnegan denies the allegations in Paragraph 253 of the Complaint.

254.     Mr. Finnegan asserts that the allegations in Paragraph 254 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 254 of the Complaint.

255.     Mr. Finnegan denies the allegations in Paragraph 255 of the Complaint, except admits that Plaintiff purports to seek to recover unpaid spread of hour wages, damages, liquidated and/or punitive damages, reasonable attorneys' fees, costs, and pre and post-judgment interest, but denies that Mr. Finnegan engaged in any unlawful conduct which would give rise to any claim or otherwise entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that he seeks in this action.

## SEVENTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)
### (On Behalf of Plaintiff and New York Class Members)

256. Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

257. Mr. Finnegan denies the allegations in Paragraph 257 of the Complaint.

258. Mr. Finnegan asserts that the allegations in Paragraph 258 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 258 of the Complaint.

259. Mr. Finnegan asserts that the allegations in Paragraph 259 of the Complaint contain legal conclusions that do not call for a response. To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 259 of the Complaint.

**EIGHTH CAUSE OF ACTION**
**(NYLL: Unlawful Deduction From Wages)**
**(On Behalf of Plaintiff and New York Class Members)**

260. Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

261. Mr. Finnegan denies the allegations in Paragraph 261 of the Complaint.

262. Mr. Finnegan denies the allegations in Paragraph 262 of the Complaint.

263. Mr. Finnegan denies the allegations in Paragraph 263 of the Complaint.

264. Mr. Finnegan denies the allegations in Paragraph 264 of the Complaint.

**NINTH CAUSE OF ACTION**
**(NYLL: Failure to Reimburse for Expenses**
**Relating to Tools of the Trade)**
**(On Behalf of Plaintiff and New York Class Members)**

265. Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

266. Mr. Finnegan denies the allegations in Paragraph 266 of the Complaint.

267. Mr. Finnegan denies the allegations in Paragraph 267 of the Complaint.

268.     Mr. Finnegan asserts that the allegations in Paragraph 268 of the Complaint contain legal conclusions that do not call for a response.  To the extent a response is required, Mr. Finnegan denies the allegations in Paragraph 268 of the Complaint.

269.     Mr. Finnegan denies the allegations in Paragraph 269 of the Complaint.

### TENTH CAUSE OF ACTION
### (CONVERSION)
### (On Behalf of Plaintiff and New York Class Members)

270.     Mr. Finnegan realleges and incorporates its responses to all previous allegations contained in the Complaint.

271.     Mr. Finnegan denies the allegations in Paragraph 271 of the Complaint.

272.     Mr. Finnegan denies the allegations in Paragraph 272 of the Complaint.

273.     Mr. Finnegan denies the allegations in Paragraph 273 of the Complaint.

274.     Mr. Finnegan denies the allegations in Paragraph 274 of the Complaint.

275.     Mr. Finnegan denies the allegations in Paragraph 275 of the Complaint.

276.     Mr. Finnegan denies the allegations in Paragraph 276 of the Complaint.

277.     Mr. Finnegan denies the allegations in Paragraph 277 of the Complaint.

### PRAYER FOR RELIEF

Mr. Finnegan denies that Plaintiff or those individuals who he seeks to represent in this action (*i.e.,* members of the proposed FLSA collective and Rule 23 Class described in the Complaint) are entitled to any relief whatsoever, including the relief sought in the Prayer for Relief and Wherefore clause, including subparagraphs "a" through "l".

### DEMAND FOR JURY TRIAL

Mr. Finnegan denies that Plaintiff is entitled to a jury trial on any claims.

\*     \*     \*

## DEFENSES

Mr. Finnegan asserts the following defenses and/or affirmative defenses, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may also apply to the claims of some or all of the collective and/or class of allegedly similarly situated persons, if collective and/or class certification is granted.

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      The Complaint, in whole or in part, fails to state a claim upon which prejudgment interest may be granted.

3.      At all times, Mr. Finnegan acted in good faith and with reasonable grounds to believe that his actions did not violate the FLSA and/or NYLL.

4.      Mr. Finnegan's conduct was not willful and, therefore, the applicable statute of limitations under the FLSA is two years, and any claims beyond that time period are barred.

5.      Plaintiff's purported claims are barred to the extent they seek double recovery of wages under both federal and state law.

6.      Plaintiff cannot satisfy the legal requirements for instituting or maintaining a class action under Fed. R. Civ. P. 23 and Mr. Finnegan denies that a Rule 23 class action is proper and/or the requirements for conditional certification under Section 216(b) of the FLSA.

7.      To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

8.     To the extent Plaintiff or other individuals he purports to represent are deemed "employees" under the FLSA or NYLL, at all relevant times, they were exempt from the law's minimum wage and overtime requirements.

9.     At all times, Mr. Finnegan reasonably believed in good faith that A to Z Logistics, Inc. provided Plaintiff and each purported class member with a wage statement pursuant to New York Labor Law § 195(3).

10.    Plaintiff and the purported class are not entitled to any equitable relief because they have an adequate remedy at law.

11.    Plaintiff and the purported class are not entitled to declaratory or injunctive relief.

12.    Plaintiff and the purported class member's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which his was engaged in activities which were preliminary or postliminary to his/their principal activities.

13.    At all times, Mr. Finnegan reasonably believed in good faith that A to Z Logistics, Inc. provided Plaintiff and/or putative collective/class members with adequate notice of wage information pursuant to New York Labor Law § 195(1).

14.    Plaintiff's claims are barred in whole or in part, by his failure to mitigate his damages.  This defense may also apply to some or all of the individuals Plaintiff purports to represent.

15.    To the extent Plaintiff or those purports to represent have any damages, Mr. Finnegan is entitled to offset those damages by the amounts already paid.

16.     Plaintiff's claims and those of the individuals he purports to represent are barred or subject to offset or reduction to the extent that the compensation paid to them was intended to compensate them for all hours worked each week, regardless of the number of hours worked.

17.     Plaintiff and those individuals he purports to represent failed to utilize internal complaint procedures regarding matters alleged in the Complaint.

18.     Plaintiff's claims and those of the other individuals he purports to represent are barred to the extent that Mr. Finnegan lacked actual or constructive knowledge of the hours they claim to have worked on behalf of Mr. Finnegan.

19.     Plaintiff's claims and those of the individuals he purports to represent are barred to the extent that they violated A to Z Logistic, Inc.'s policies and procedures by working the alleged hours.

20.     Plaintiff's claims and those of the other individuals he purports to represent are barred to the extent that Mr. Finnegan relied on written administrative regulations, orders, rulings and interpretations.

21.     The claims for relief are barred to the extent the requested remedies are beyond those allowed by the FLSA or New York law.

22.     Plaintiff's claims for attorneys' fees are barred to the extent that such relief is not permitted by law or to the extent that counsel cannot establish a proper basis for recovering his fees.

23.     Liability, if any, to each member of any alleged class or group which Plaintiff purports to represent cannot be determined by a single jury on a class or group-wide basis. Allowing this action to proceed as a class or collective action would violate Mr. Finnegan's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

24.     The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

25.     Plaintiff cannot offer a model of damages that is amenable to class or collective treatment.

26.     Mr. Finnegan was not an "employer" of Plaintiff or the individuals he purports to represent under the New York Labor Law or Fair Labor Standards Act.

27.     In addition to the foregoing defense, Mr. Finnegan reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative collective and/or class member who joins this action as those claims become known during this litigation.

**WHEREFORE,** Mr. Finnegan requests that the Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff and in favor of Mr. Finnegan for all costs and attorneys' fees incurred by them in defending this action; and that Mr. Finnegan be granted such other and further relief as the Court may deem just and proper.

Date:   April 27, 2018
        New York, New York

                                        */s/ Andrew M. Spurchise*
                                        Andrew M. Spurchise
                                        Kevin R. Vozzo
                                        LITTLER MENDELSON, P.C.
                                        900 Third Avenue
                                        New York, NY  10022.3298
                                        212.583.9600

                                        *Attorneys for Defendant*
                                        *  Victor Finnegan*