

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Kevin R. Vozzo
415.276.8828 direct
212.583.9600 main
kvozzo@littler.com

May 14, 2018

**VIA ECF**

Hon. James Orenstein
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** <u>Marasco v. American Expediting Company, Inc. et al.</u>
**Case No. 16 Civ. 00232(PKC)(JO)**

Dear Judge Orenstein:

This firm represents Defendants Victor Finnegan ("Defendant Finnegan") and A to Z Logistics, Inc. (collectively, "Defendants") in the above referenced matter. Pursuant to Your Honor's Order dated March 27, 2018, enclosed please find the parties' joint proposed Joint Rule 26(f) Report.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Kevin R. Vozzo*

Kevin R. Vozzo

cc: Counsel of record (via ECF)

littler.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD MARASCO, individually on behalf of himself and all others similarly situated,

        Plaintiff,

-against-

A TO Z LOGISTICS, INC., VICTOR FINNEGAN, and JOHN DOES 1-25,

        Defendants.

Case No. 16-cv-00232 (PKC) (JO)

**JOINT RULE 26(f) REPORT**

INITIAL CONFERENCE QUESTIONNAIRE

| | | |
|---|---|---|
| 1. | Deadline for all Rule 26(a)(1) disclosures (if later than the date of the initial conference, please explain why on a separate page): | July 27, 2018[1] |
| 2. | Deadline for first request for production of documents and first request for interrogatories: | July 31, 2018[2] |
| | 2(a). Additional interrogatories needed, if any, beyond the 25 permitted under the federal rules for: | plaintiff(s) 0; defendant(s) 0 |
| 3. | Date for completion of any joinder of additional parties and amendment of the pleadings: | June 15, 2018 |
| | 3(a). Number of proposed additional parties to be joined, if any, by: | plaintiff(s) 0; defendant(s) 0 |
| 4. | Number of depositions by plaintiff(s) of: | TBD |
| 5. | Number of depositions by defendant(s) of: | TBD |
| 6. | Date of status conference (joint status report due two business days in advance): | February 18, 2019 |

---

[1] Defendants' initial disclosures were served on November 7, 2017.

[2] The parties have already engaged in substantive settlement discussions, and have informally exchanged relevant documents and data. In addition, Defendants have already produced documents and information in response to Plaintiff's initial requests for production and interrogatories. Subject to the Court's approval, and as further described on the attached separate page, the parties have agreed to stay further formal discovery until they have fully explored potential resolution of the case.

| | | |
|---|---|---|
| 7. | Date for completion of factual discovery: | Class / Collective Certification Discovery: February 15, 2019; Merits Discovery: 120 days after ruling on motion for class / collective certification. |
| 8. | Are expert witnesses needed? | Yes X (trial only)  No |
| | 8(a). Number of expert witness, if any, of plaintiff(s): | medical 0; non-medical 2 |
| | 8(b). Date for completion of those expert reports: | 30 days after close of post-certification discovery. |
| | 8(c). Number of expert witnesses, if any, of defendant(s): | medical 0; non-medical 1 |
| | 8(d). Date for completion of those expert reports: | 30 days after close of post-certification discovery. |
| | 8(e). Date for completion of rebuttal expert reports: | 45 days after deadline for completion of expert reports. |
| 9. | Date for completion of expert discovery: | 30 days after exchange of rebuttal expert reports. |
| 10. | Date of pretrial conference (brief *ex parte* statements of settlement position due via email two business days in advance): | TBD |
| 11. | Types of contemplated dispositive motions by plaintiff(s) and dates for filing of those motions: | Motion for class / collective certification: March 15, 2019. |
| 12. | Types of contemplated dispositive motions by defendant(s) and dates for filing of those motions: | Motion for summary judgment: 60 days before trial. |
| 13. | Have counsel reached any agreements regarding electronic discovery? (If so, please describe at the initial conference.) | Yes  No X |
| 14. | Have counsel reached any agreements for disclosure of experts' work papers (including drafts) and communications with experts? (If so, please describe on a separate page.) | Yes  No X |

-3-

15. Will the parties unanimously consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)? (If any party declines to consent, answer no but do <u>not</u> indicate which party declined.)   Yes  No <u>X</u>

-3-

## ADDITIONAL INFORMATION REGARDING THE PARTIES' JOINT RULE 26(F) REPORT

Plaintiff Richard Marasco ("Plaintiff") and Defendants A to Z Logistics, Inc. ("A to Z") and Victor Finnegan ("Finnegan") (collectively, "Defendants") submit this additional information to supplement the parties' joint report and discovery plan pursuant to Fed. R. Civ. P. 26(f).

The parties have already engaged in substantive settlement discussions in furtherance of resolution of this matter, and have informally exchanged documents and data relevant to their settlement discussions. In addition, Defendants have already served their initial disclosures, and produced documents and information in response to Plaintiff's initial requests for production and interrogatories. Subject to the Court's approval, the parties have agreed to stay further formal discovery until they have fully explored potential resolution of the case. Specifically, if a tentative settlement is not reached, the parties will resume formal discovery in July 2018. The subjects on which discovery may be needed include, but are not limited to, Plaintiff's earnings and hours worked, and Defendants' compensation practices.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties are aware of their obligations to preserve electronically stored information, and have taken steps to do so. The parties have not identified any other issues about the disclosure, or the discovery of, electronically stored information ("ESI").

The parties have not identified any need to impose limitations on discovery other than: (i) limiting discovery to what is appropriate under the Federal Rules of Civil Procedure; and (ii) subject to the Court's approval, staying further formal discovery until after the parties have fully explored potential resolution of the case.

If the parties are unable to amicably resolve their dispute, and discovery is ultimately necessary, the parties agree that a protective order may be needed to protect confidential information. Should such an agreement be necessary, the parties will prepare the agreement and

submit it to the Court for approval. The parties have not currently identified any other order that the Court should issue under Rule 26(c) or Rule 16(b)-(c).

| | |
|---|---|
| Dated: May 14, 2018 | */s/ Jeremy Francis*<br>Jeremy Francis<br>The Sultzer Law Group<br>14 Wall Street, 20th Floor<br>New York, New York 10005<br>(732) 741-4290<br>*Attorneys for Plaintiff* |
| Dated: May 14, 2018 | */s/ Andrew M. Spurchise*<br>Andrew M. Spurchise<br>Kevin R. Vozzo<br>Leslie M. DiBenedetto<br>LITTLER MENDELSON, P.C.<br>900 Third Avenue<br>New York, New York 10022<br>(212) 583-9600<br>*Attorneys for Defendants*<br>    *A to Z Logistics, Inc. and Victor Finnegan* |