UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD MARASCO, individually on behalf of himself and all others similarly situated,

        Plaintiff,

-against-

AMERICAN EXPEDITING COMPANY, INC., *et al*.

        Defendants.

Case No. 16-cv-00232 (PKC) (JO)

**ORDER GRANTING PRELIMINARY APPROVAL**

WHEREAS, Plaintiff Richard Marasco ("Plaintiff") and Defendants A to Z Logistics, Inc. ("A to Z Logistics") and Victor Finnegan ("Defendants") (collectively, the "Parties") have reached a proposed settlement and compromise of the claims in the above-captioned matter (the "Settlement"), which is embodied in the Parties' Joint Stipulation of Settlement and Release ("Joint Stipulation"), filed with the Court; and

WHEREAS, Plaintiff has applied to the Court for preliminary approval of the proposed settlement, the terms and conditions of which are set forth in the Joint Stipulation; and

WHEREAS, the capitalized terms herein shall have the same meaning as set forth in the Joint Stipulation;

NOW, THEREFORE, the Court having read and considered the Joint Stipulation and accompanying documents, as well as Plaintiff's Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Class Counsel, and Approval of Notice of Settlement and supporting papers, and the Parties to the Joint Stipulation having consented to the entry of this Order, AND GOOD CAUSE APPEARING,

IT IS HEARBY ORDERED AS FOLLOWS:

1. Subject to further consideration by the Court at the time of the Fairness Hearing, the Court preliminarily approves the Settlement as falling within the range of possible final approval and as meriting submission to the Settlement Class for their consideration.

2. For purposes of the Settlement only, the Court conditionally certifies the Settlement Class defined to include all individuals who were employed by A to Z Logistics as messengers from January 15, 2010 through the date of this Order.

3. The Court preliminarily finds, solely for purposes of considering this Settlement, that (i) the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including requirements for the existence of numerosity, typicality, commonality, adequacy of representation, and manageability, (ii) common issues of law and fact predominate over individualized issues, and (iii) a class action is superior to alternative means of resolving the claims and disputes at issue in the Lawsuit. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission on the part of Defendants that this Lawsuit is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to Defendants' rights to oppose certification of a class in this Lawsuit, and/or to seek decertification or modification of a class should the proposed Settlement not become final. If, for whatever reason, the Settlement does not become final, the Parties' stipulation to class certification as part of the Settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in, this case or any other matter, in connection with the issue of whether or not certification would be appropriate in a non-settlement context.

4. The Court preliminarily finds that Plaintiff and Class Counsel have, and will, fairly and adequately represent and protect the interests of the Settlement Class in accordance with Federal Rule of Civil Procedure 23.

5. Plaintiff Richard Marasco shall serve as the class representative of the Settlement Class.

6. The Court appoints The Sultzer Law Group, P.C. and Rosenberg Fortuna & Laitman, LLP, as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class.").

7. The Court approves the nomination of RG/2 to administer the Settlement per the terms of the Joint Stipulation.

8. The Court approves, as to form and content, the attached Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") and Consent to Join Claim Form and Release ("Claim Form").

9. The content of the Notice and Claim Form fully complies with due process, Federal Rule of Civil Procedure 23, and FLSA § 216(b), the Constitution of the United States, and any other applicable laws. Similarly, the mailing and distribution of the Notice and Claim Form constitutes the best notice practicable under the circumstances and fully complies with due process, Federal Rule of Civil Procedure 23, and FLSA § 216(b), the Constitution of the United States and any other applicable laws.

10. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the

definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

11. The Notice and Claim Form meet each of these requirements and adequately put Class Members on notice of the proposed settlement. *See, e.g.*, *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) ("[S]ettlement notices need only describe the terms of the settlement generally."). The Notice and Claim Form are appropriate because they describe the terms of the Settlement, inform Class Members about the allocation of attorneys' fees, administration costs, and the Service Award, and provide specific information regarding the date, time, and place of the Fairness Hearing.

12. The Notice and Claim Form are reasonable and constitute due, adequate, and sufficient notice to Class Members.

13. Notice of the proposed Settlement, and the rights of Class Members to opt out of, or object to, the settlement, or become a Participating Claimant, shall be given by mailing of the Notice by first class mail, postage prepaid, to all Class Members pursuant to the applicable provisions in the Joint Stipulation.

14. Class Members will have until the Claim Form Deadline to submit a Claim Form.

15. The Court finds that the notice plan will adequately inform members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and not to be bound by the terms of the Joint Stipulation, must submit to the Settlement Claims Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written request for exclusion in accordance with the terms set forth in the Joint

Stipulation.

16. Any member of the Settlement Class who does not opt out of the Settlement may object to the Settlement. Class Members who wish to present objections to the proposed Settlement at the Fairness Hearing must first do so in writing. Class Members will have sixty (60) days from the mailing of the Notice to object to the Settlement. Written objections by Class Members to the proposed Settlement will be considered by the Court if the objections are postmarked on or before the expiration of this sixty-day period, contain words to the effect of, "I object to the settlement in the RICHARD MARASCO / A TO Z LOGISTICS, INC. case, Case No. 16-cv-00232", and list all reasons for the objection. Any reasons not included in the written objection shall not be considered. In addition, the written objection must also include the Class Member's name, address, telephone number, and signature.

17. Any Class Member who does not make his or her objection in the manner as provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed settlement, as incorporated in the Joint Stipulation, and the award of attorneys' fees, costs and expenses to Class Counsel, and from objecting to awarding Plaintiff's Service Award, unless otherwise ordered by the Court. No member of the Settlement Class shall have the right to appear and be heard at the Fairness Hearing, either personally or through an attorney, unless written notice of the Class Member's objection and any supporting papers have been submitted in conformance with the procedure set forth in the Joint Stipulation.

18. A Fairness Hearing shall be held before this Court at the U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 4F North, on April 10, 2019 at 10:00 a.m. to determine: (i) whether the proposed Settlement is fair, just, reasonable and adequate,

and in the best interest of the Settlement Class, and should be approved by the Court, and whether Judgment and Final Approval, as provided in the Joint Stipulation, should be entered; (ii) whether Class Counsel's application for attorney's fees, costs and expenses, and Plaintiff's Service Award should be approved; (iii) whether Plaintiff's general release of claims, including claims under the FLSA, should be approved; and (iv) any other matters that the Court deems appropriate.

19. Fifteen days prior to the Fairness Hearing, Plaintiff shall file a motion for final approval of the Settlement, and Plaintiff and Class Counsel shall file its motion for attorney fees, costs, and Plaintiff's Service Award.

20. In the event that the proposed Settlement is not approved by the Court, or in the event that the Joint Stipulation becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Lawsuit or in any other case or controversy. In such event the Joint Stipulation and all negotiations and any and all proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Joint Stipulation.

21. The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order, and in such event will determine whether further notice to the members of the Settlement Class is appropriate and the form of such notice. The Fairness Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court. The Settlement Claims Administrator shall send notice of any such adjournment to any Class Member who has timely filed an objection to the Settlement, consistent with the terms of the Joint Stipulation. The Court may approve the Settlement, with such modifications as may be agreed to

by the Parties, if appropriate, without further notice to the Settlement Class.

22. To the extent anything in this Order is inconsistent with the provisions of the Joint Stipulation of Settlement and Release executed by the Parties, the Joint Stipulation shall control.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 29, 2018
       Brooklyn, New York