UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MARASCO, individually on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>-against-<br><br>A TO Z LOGISTICS, INC., *et al*.<br><br>                      Defendants. | Case No. 16-cv-00232 (PKC) (JO)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD** |

**PLEASE TAKE NOTICE THAT:**

Plaintiff Richard Marasco ("Plaintiff") hereby moves this Court, The Honorable Judge Pamela K. Chen, of the United States District Court for the Eastern District of New York, for an Order granting: (1) final approval the of the proposed Settlement memorialized in the Joint Stipulation and Settlement Agreement between Plaintiff and Defendants A to Z Logistics, Inc. and Victor Finnegan, attached as Exhibit 1 to the Declaration of Jeremy Francis submitted in Support of Plaintiff's Motion for Final Approval of Class Settlement; (2) final Certification of the Settlement Class for settlement purposes only;  (3) appointment of The Sultzer Law Group, P.C. and Rosenberg Fortuna & Laitman, LLP  as Class Counsel ("Class Counsel"); and (4) approval of the requested attorney's fees and expenses; and (5) approval of the requested service award to Plaintiff.

In support of this motion, Plaintiff submits the accompanying: (1) Memorandum of Law in Support of Plaintiff's Motion for Final Approval of Class Settlement; (2) Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award; (3) the Declaration of Jeremy Francis; (4) and the Declaration of Melissa Baldwin at RG/2 Claims Administration, as well as the proposed order and all pleadings, exhibits, records, and documents on file in this case, any matters of which judicial notice may be taken, any oral argument that may be presented, and any such matters the Court deems just and necessary.

In addition to the pleadings and documents filed herewith, Plaintiff will also rely on the entire record in this action, such further pleadings and documents as may be filed, and oral argument as the Court may permit or require.

Plaintiff has contemporaneously submitted a Proposed Order, attached hereto as Exhibit 1. Defendants do not oppose this motion.

Dated: March 29, 2019
New York, New York

By: */s/ Jeremy Francis*
Jeremy Francis, Esq.
**THE SULTZER LAW GROUP, P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
francisj@thesultzerlawgroup.com


By       */s/ Brett Zinner*
Brett Zinner, Esq.
**ROSENBERG FORTUNA & LAITMAN, LLP**
666 Old Country Road, Suite 810
Garden City, New York 11530
Telephone: 516-228-6666
Facsimile: 516-228-6672
brett@rosenbergfortuna.com


*Attorneys for Plaintiffs*

**Exhibit 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MARASCO, individually on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>                  -against-<br><br>AMERICAN EXPEDITING COMPANY, INC., *et al*.<br><br>                  Defendants. | Case No. 16-cv-00232 (PKC) (JO)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL AND JUDGMENT** |

       WHEREAS, Plaintiff Richard Marasco ("Plaintiff") and Defendants A to Z Logistics, Inc. ("A to Z Logistics") and Victor Finnegan ("Defendants") (collectively, the "Parties") have reached a proposed settlement and compromise of the claims in the above-captioned matter (the "Settlement"), which is embodied in the Parties' Joint Stipulation of Settlement and Release ("Joint Stipulation"), filed with the Court;

       WHEREAS, on November 29, 2018, this Court entered a "Preliminary Approval Order" (ECF No. 83), preliminarily approving the Parties' proposed Settlement pursuant to the terms of the Joint Stipulation, and directing that notice be provided to the Settlement Class;

       WHEREAS, a Fairness Hearing was held on April 10, 2019.  Prior to the Fairness Hearing, Class Members were notified of the terms of the proposed Settlement, and their right to appear at the hearing in support of or in opposition to the proposed Settlement;

       NOW, THEREFORE, the Court the Court, having heard the oral presentations made at the Fairness Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, and having determined that the Settlement is fair, adequate, and reasonable, it is hereby

       ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as set forth in the Joint Stipulation, except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this case, all claims raised therein and released by the Joint Stipulation, and all Parties thereto, including members of the Settlement Class.

3. This Court hereby approves the Settlement set forth in the Joint Stipulation and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class, in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216.

4. For purposes of the Settlement only, the Court certifies the Settlement Class defined to include all individuals who were employed by A to Z Logistics as messengers from January 15, 2010 through the date of the Preliminary Approval Order (i.e., November 29, 2018).

5. The Court finds, solely for purposes of considering the Parties' Settlement, and for settlement purposes only, that: (i) the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including requirements for the existence of numerosity, typicality, commonality, adequacy of representation, and manageability; (ii) common issues of law and fact predominate over individualized issues; and (iii) a class action is superior to alternative means of resolving the claims and disputes at issue in the Lawsuit.

6. Certification under this Final Approval Order and Judgment is for settlement purposes only and shall not constitute or be construed as an admission on the part of Defendants that the Lawsuit is appropriate for class treatment for litigation purposes. Entry of this Final Approval Order and Judgment is without prejudice to Defendants' rights to oppose certification of a class or collective in this Lawsuit, and/or to seek decertification or modification of a class or collective should the proposed Settlement not become final. If, for whatever reason, the Settlement

does not become final, the Parties' stipulation to class certification as part of the Settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible, in this case or any other matter, in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

7. The Court finds that Plaintiff and Class Counsel have, and will, fairly and adequately represent and protect the interests of the Settlement Class in accordance with Federal Rule of Civil Procedure 23.

8. Plaintiff Richard Marasco shall serve as the class representative of the Settlement Class.

9. The Court appoints The Sultzer Law Group, P.C. and Rosenberg Fortuna & Laitman, LLP, as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

10. The Court finds that the dissemination of the Notice and Claim Form to members of the Settlement Class was accomplished as directed, was the best notice practicable, and met the requirements of law and due process. The content of the Notice and Claim Form, and the mailing and distribution of same, fully complied with and satisfied the requirements of the Federal Rules of Civil Procedure, 29 U.S.C. § 216(b), the United States Constitution, and any other applicable law.

11. Among other things, the Notice fully and accurately informed Class Members of their right to request to be excluded from the Settlement. One class member – Deborah Finch – excluded herself from the Settlement by submitting a timely and valid Opt-Out Statement. No other Class Members excluded themselves from the Settlement.

12. The Notice also fully and accurately informed Class Members of their right to

object to the Settlement. No Class Members objected to the Settlement.

13. Class Members who desired to become Participating Claimants, and to receive a payment in connection with the Settlement, were required return a Claim Form to the Settlement Claims Administrator on or before the Claim Form Deadline. Twenty-Five Class Members submitted timely and valid Claim Forms prior to the Claim Form Deadline. One Class Member submitted an untimely Claim Form, postmarked on February 26, 2019, but the Parties agreed to accept the Claim Form as valid and timely.

14. After the Claim Form Deadline passed, the Parties discovered that one Class Member, Keith Brown, was mistakenly excluded from the class list provided to the Settlement Claims Administrator. At the Parties' direction, the Settlement Claims Administrator prepared a Notice and Claim Form for Mr. Brown, which Class Counsel provided to Mr. Brown on March 18, 2019. Pursuant to agreement by the Parties, Mr. Brown's Claim Form, if properly submitted to the Settlement Claims Administrator by April 5, 2019, will be accepted as valid and timely, and Mr. Brown will be treated as a Participating Claimant.

15. The Court approves a Service Award for Plaintiff Marasco in the amount of $5,000.00, which shall be paid from the Gross Settlement Amount, and finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class.

16. The Court approves up to $8,000 to be paid from the Gross Settlement Amount to the Settlement Claims Administrator for its administration fees.

17. The Court approves as fair and reasonable attorneys' fees and costs in the amount of $95,000.00. The Court finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light

of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of attorneys' fees only followed agreement on the settlement benefit for the Settlement Class. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought, and no Class Members expressed any opposition or objection.

18. As of the date of filing and entry of this Final Approval Order and Judgment, all Class Members who did not submit a timely and valid Opt-Out Statement shall have fully and forever released, relinquished, and discharged the Releasees from any and all Released Rule 23 Claims, regardless of whether such individuals submitted a Claim Form to the Settlement Claims Administrator, and shall be permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Released Rule 23 Claims against the Releasees. In addition, as of the date of filing and entry of this Final Approval Order and Judgment, all Participating Claimants shall have fully and forever released, relinquished, and discharged the Releasees from any and all Released FLSA Claims and Released Rule 23 Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Released FLSA Claims and any Released Rule 23 Claims against the Releasees.

19. Released FLSA Claims include any and all claims, obligations, demands, actions, rights, causes of action, and liabilities under the Fair Labor Standards Act against Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, that accrue or accrued at any time from January 15, 2010 through November 29, 2018, and were asserted in the Lawsuit or otherwise arise out of the facts, matters,

transactions or occurrences referred to in the Lawsuit that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, including, without limitation, claims for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to reimburse for business expenses (including, but not limited to, "tools of the trade" expenses and derivative minimum wage claims), penalties (including late payment penalties) and premium pay, any related or derivative claims for unpaid costs, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable, declaratory and/or injunctive relief, and any and all such claims against American Expediting Company ("AMEX") that arise from or relate in any way to the Participating Claimants' employment with Defendants.

20. Released Rule 23 Claims include any and all claims, obligations, demands, actions, rights, causes of action and liabilities against Releasees, arising under federal, state, or local law, other than claims arising under the Fair Labor Standards Act, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, that accrued or accrue on any date from January 15, 2010 through November 29, 2018, and were asserted in the Lawsuit or otherwise arise out of the facts, matters, transactions or occurrences referred to in the Lawsuit that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, including, without limitation, wage and hour claims under the New York Labor Law, and its regulations and rules, or under any other legal theory, including, but not limited to, common law tort and conversion theories, for claims for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide and/or pay for meal and/or rest periods, failure to timely pay final wages, failure to pay "spread of hours" wages, alleging unlawful imposition, deduction or chargeback from compensation for expenses or costs under applicable state laws, failure to reimburse for business expenses (including, but not limited to,

"tools of the trade" expenses and derivative minimum wage claims), failure to furnish accurate wage statements or other notices, premium pay, and penalties (including late payment penalties), any related or derivative claims for unpaid costs, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable, declaratory or injunctive relief, and any and all such claims against AMEX that arise from or relate in any way to Class Members' employment with Defendants. Claims under the New York Labor Law that are released include, without limitation, claims under N.Y. Lab. Law § 160 *et seq.*; N.Y. Lab. Law § 190 *et seq.* (including, but not limited to, §§ 191, 193, 195, and 198); N.Y. Lab. Law §§ 215 and 218; NY. Lab. Law § 650 *et seq.*; 12 N.Y. Comp. Codes R. & Regs. §§ 142-2.10 *et seq.* (including, but not limited to, §§ 142-2.2, 142-2.4).

21. This action shall be and hereby is dismissed on the merits with prejudice. In addition, by operation of this Final Approval Order and Judgment, Plaintiff shall be bound by the general release of claims, including claims under the Fair Labor Standards Act, described in Section 8.3 of the Joint Stipulation.

22. No party shall be deemed the prevailing party by virtue of the Joint Stipulation or this Final Approval Order and Judgment. This Final Approval Order and Judgment not may be construed as or be used as an admission by or against Defendants of any fault, wrongdoing, or liability. Nor is this Final Approval Order and Judgment a finding of the validity of any claims in the Lawsuit, or of any wrongdoing by Defendants or any of the Releasees.

23. The Parties shall effectuate the Joint Stipulation in accordance with its terms. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms and conditions of the Joint Stipulation.

**IT IS SO ORDERED.**

DATED: _____          _____

The Honorable Judge Pamela Chen
United States District Court Judge