UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MARASCO, individually on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>A TO Z LOGISTICS, INC., *et al*.<br><br>Defendants. | Case No. 16-cv-00232 (PKC) (JO)<br><br>**DECLARATION OF JEREMY FRANCIS IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD** |

I, Jeremy Francis, hereby declare:

I am an attorney with The Sultzer Law Group, P.C., who along with Rosenberg Fortuna & Laitman, LLP, are counsel for Plaintiff Richard Marasco ("Plaintiff") in the above-captioned matter ("Class Counsel"). I submit this declaration in support of Plaintiff's Motion for Final Approval of the Parties' proposed settlement (the "Settlement"), as set forth in the Joint Stipulation of Settlement and Release ("Joint Stipulation").

**Introduction**

1. Class Counsel have been responsible for the prosecution of this Lawsuit and for the negotiation of the Joint Stipulation. We have vigorously represented the interests of Class Members throughout the course of the litigation and settlement negotiations.

2. This Action arises out of Defendants' alleged failure to pay messenger employees for all hours worked, and overtime pay under federal and New York law.

**Investigation, Filing of the Complaints, Negotiations, and Mediation**

3. Class Counsel conducted a thorough investigation of Defendant A to Z Logistics, Inc.'s compensation policies and practices, including interviewing former messenger employees.

4. The Parties conducted extensive informal discovery including review of hundreds of documents, including the named Plaintiff's work and payment history, and payroll data for hundreds of former messengers spanning the class period, and engaged in motion practice regarding an arbitration agreement signed by Plaintiff and regarding Plaintiff's claims against Defendant Finnegan individually.

5. Class Counsel retained an expert CPA to analyze the data provided by Defendants. This process yielded a damages model based on the number of hours assumed worked by employees, pay rates, and number of weeks worked.

6. The parties participated in a mediation on August 2, 2018 under the auspices of Alfred Feliu, Esq. While that mediation did not result in an agreement, the parties continued discussions in the following weeks and were ultimately successful in reaching the basic terms of a settlement for the Settlement Class.

**The Joint Stipulation and Risks of Continued Litigation**

7. As a result of the negotiations, investigation, discovery, and analysis conducted by Class Counsel, including, inter alia, the delay and uncertainty inherent in protracted litigation, Class Counsel, in consultation with Plaintiff, have determined that the Settlement is in the best interests of the Class Members. Plaintiff and Defendants have agreed upon the written terms of the Joint Stipulation attached hereto as **Exhibit A.**

8. Plaintiff remains convinced his case has merit, but recognizes the substantial risk that comes along with continued litigation. Based on extensive investigation and pre-mediation

and confirmatory discovery, Plaintiff believes he could obtain class certification, defeat all dispositive motions filed by Defendants, and proceed to trial on the merits.

9. Nonetheless, all complex class actions are uncertain in terms of ultimate outcome, difficulties of proof, and duration, and this Lawsuit is no different. There is always the possibility that Plaintiff may not prevail if the Lawsuit continues. Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to prosecute the claims through trial and appeal. They have taken into account the uncertain outcome and risk of litigation, as well as difficulties and undue delay inherent in such litigation. Further litigation would be costly, complex, and time consuming. Such litigation could include dispositive motions, contested class certification proceedings and appeals, costly merits and class certification expert reports and discovery, and trial. Each step towards trial would likely be subject to Defendants' vigorous opposition and appeal.

10. Further litigation presents no guarantee for recovery, let alone a recovery greater than that provided by the Settlement. The Parties would likely spend significant time and resources on damage calculations. Furthermore, both Parties would spend significant additional resources in expert discovery producing competing damage analyses. The costs and risks associated with continuing to litigate the Lawsuit would require extensive resources and time. Class Counsel believe the Settlement confers substantial benefits upon the Settlement Class, and have determined the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

11. In Class Counsel's estimation, the Settlement represents a meaningful percentage (28% with liquidated damages and 42% without liquidated damages) of the recovery that Class Members would have received had they prevailed on all of their claims, survived any appeal, and sought to enforce and collect upon any judgment.

**Reaction of the Class**

12. After preliminary approval was granted, Notice of the Settlement was sent to 133 former messengers employed by A to Z Logistics, Inc.

13. As a result of the notice, twenty-six (26) former messengers filed claims and became Participating Claimants.

14. One Class Member opted out of the Settlement, and none objected.

15. The lone opt out did so not because she felt that the Settlement was unfair, but because she felt that Defendants had not deprived her of any payment to which she was entitled. A copy of the Class Member's Opt-Out Statement is attached as Exhibit D to the Declaration of Melissa Baldwin**.**

16. Subsequent to the close of the claims period on February 25, 2019, the Parties discovered that Keith Brown, who was employed by A to Z Logistics as a messenger during the class period, was mistakenly excluded from the class list provided to the Settlement Claims Administrator. At the Parties' direction, the Settlement Claims Administrator prepared an additional Notice and Claims Form for Mr. Brown, which Plaintiff's Counsel provided to Mr. Brown on March 18, 2019. Pursuant to agreement by the Parties, Mr. Brown's Claim Form, if properly submitted to the Settlement Claims Administrator by April 5, 2019, will be accepted as valid and timely, and Mr. Brown will be treated as a Participating Claimant.

**Class Counsel and Plaintiff Have Invested Significant time in the Prosecution of this Action and Are Adequate Representatives of the Class**

17. Class Counsel have been responsible for prosecution of the Lawsuit and for the negotiation of the Joint Stipulation. We have vigorously represented the interests of the Settlement Class throughout the course of the litigation and settlement negotiations.

18.     Throughout the course of investigation, pleadings, motion practice, discovery, mediation, and filing of the Joint Stipulation with the Court, Class Counsel have devoted significant time and resources to the investigation, development, and resolution of the Lawsuit.

19.     Class Counsel are not representing clients with interests at odds with the interests of the Settlement Class.

20.     The Sultzer Law Group has substantial experience with class actions in general, and with wage and hour cases specifically.  See, e.g., Griffin, Anthony, et al., v. Aldi, Inc., Doe Defendants 1-10, Case No. 16-cv-00354 (N.D.N.Y.).  The firm has been involved in a number of consumer class actions in the Southern, Eastern, and Northern Districts of New York including two cases in which the firm's founding partner, Jason Sultzer was recently appointed co-lead counsel which resulted in substantial settlements.  See Rapoport-Hect v. Seventh Generation, Inc. (14-cv-9087-KMK) and Vincent, Wesley, et al. v People Against Dirty, PBC (16-cv-06936-NSR). Please refer to The Sultzer Law Group's firm resume which is attached hereto as **Exhibit B** for additional details about the firm's extensive class action experience.

**Time and Expense Incurred In The Prosecution Of The Action**

21.     Listed below is the time expended by the Sultzer Law Group on this matter to date. The information is based on information collected from the Sultzer Law Group's books and records:

| Timekeeper | Hours to Date | Rate Per Hour | Total Amount Billed |
|---|---|---|---|
| Jason P. Sultzer (Partner) | 122.80 | $795 | $97,626.00 |
| Adam Gonnelli (Partner) | 8.50 | $795 | $6,757.50 |
| Joseph Lipari (Partner) | 82.40 | $795 | $65,508.00 |
| Jeremy Francis | 54.17 | $450 | $ 24,376.50 |
| TOTAL | 267.87 | | $ 194,268 |

22. Co-Counsel in this case, Brett Zinner of Rosenberg Fortuna & Laitman, LLP spent a total of 50.05 hours on this case. At the usual rate of $425 per hour his total amount billed was $21,271.25.

23. Based on the above, the lodestar for Class Counsel in this case was $215,539.25.[1]

24. Additionally, the Sultzer Law Group has incurred out-of-pocket expenses in the amount of $4,824.54 to date.

25. Below is a summary of the out-of-pocket expense incurred to date:

| Category | Amount |
|---|---|
| Court/Service of Process fees/Transcript | $1,084.60 |
| Investigation/Expert Fees/Mediation | $3,739.94 |
| TOTAL | $4,824.54 |

26. Rosenberg Fortuna & Laitman, LLP has incurred out of pocket expenses in the amount of $91.80 for travel and court fees.

27. Class Counsel has maintained contemporaneous and detailed time records. The claimed billing rates, which were set in line with the prevailing rates for attorneys with similar skills, qualifications, and experience in complex class action litigation, are reasonable.

---

[1] Class Counsel will provide detailed time records to the Court for review if so requested.

28. The hours spent preparing the Motion for Attorneys' Fees has not been billed.

29. The categories of expenses for which Class Counsel seek reimbursement are the types of expenses routinely charged to paying clients in the marketplace and, consequently, the full requested amount should be reimbursed. These expenses were integral to the prosecution of this case and include but are not limited to: filing fees, expert expenses and travel expenses. At the Court's request, Class Counsel can provide the Court with these documents and information for in camera review. Class Counsel is not seeking reimbursement for any food, beverage or alcohol.

30. Class Counsel have not been reimbursed for any costs incurred in the litigation and will not be reimbursed unless the Court grants their request for the Fee and Expense Award.

31. In my opinion, the time expended and the expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation of the matter.

32. Throughout my involvement in the above case, I ensured that the firm did its part to litigate efficiently, without undue duplication of effort, and at minimal expense. Not being paid by the hour, and being responsible for advancing all expenses, the firm had every incentive to avoid unnecessary expenditure of funds and other resources.

33. The firm took this matter on a contingent basis, agreeing to advance all costs and expenses necessary to prosecute the litigation.

34. Throughout the litigation, Plaintiff Richard Marasco demonstrated an understanding of both the basis of the claims and the role of a Class Representative. He conferred with Class Counsel concerning the status of the case, the Complaint and amendments thereto, and the Settlement. He provided personal information about his experiences working for A to Z Logistics, Inc. and remained involved in the mediation process, demonstrating dedication to his fellow class members and this case.

35. The diligent efforts of Plaintiff and Class Counsel to prosecute this case, as described herein, demonstrate that Plaintiff and Class Counsel have more than adequately represented and acted for the benefit of the Settlement Class as a whole. Additionally, apart from a service award (if granted), Plaintiff will not receive any benefits beyond those he would receive as a Class Member. Plaintiff actively participated in this litigation.

36. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 29, 2019 at New York, New York.

_____
Jeremy Francis